Bobby **HAILEY**, Appellant,

v.

The **STATE** of Texas.

No. 1437–01.

Court of Criminal Appeals of Texas.

Sept. 25, 2002.

Kelly R. Myers, Corsicana, for appellant.

Matthew Paul, State's Atty., Austin, for state.

## OPINION

HERVEY, J., delivered the unanimous opinion of the Court.

In this case we decide that the Court of Appeals should not have reversed appellant's felony DWI conviction under a theory that appellant did not raise at trial or on appeal.

The evidence showed that appellant was the driver of a car involved in a traffic accident. Appellant appeared to be extremely intoxicated to the two police officers who arrived at the scene. At their request appellant blew into a portable breathalyzer instrument resulting in a reading of [.337] which was more than three times the legal limit. In similar situations, the police usually took the intoxicated person to jail, but, concerned that appellant was suffering from alcohol poisoning, the police transported appellant to a hospital instead. At the hospital, appellant refused a police request to submit a specimen of his blood for testing. A hospital worker later drew a specimen of appellant's blood which after testing indicated a blood-alcohol concentration of [454.24]. A [.400] level is usually fatal. The State later obtained the results of this blood-alcohol test through a subpoena.

During trial, appellant claimed that the results of his blood-alcohol test should have been suppressed, arguing that the blood drawn by the hospital worker constituted an unreasonable search and seizure

by the police under the Fourth Amendment to the United States Constitution. Appellant's theory was that the blood was drawn at the request of the police and that the police used the hospital "as a way to still obtain a blood test from [appellant]."

Your Honor, first, like I say, we filed a motion to suppress, and it's basically our position that it was an illegal search. It was a search that was actually conducted by the State. Like I said from the officer it was Simmons's testimony that he had an opportunity to question [appellant] whether or not he wanted to take the [blood-alcohol] test. So, your Honor, it's, our position is that at that time [appellant] was not intoxicated or was able to understand and it was not, we're not under the doctrine of it was an emergency on [appellant's] safety. At that time [appellant] was able to respond and basically was mentally competent.

And it's, our position is that at that point the officer still, after [appellant] refused he used the hospital as a way to still obtain a blood test for [appellant].

The only testifying witnesses at the hearing on appellant's motion to suppress were the two police officers who observed appellant at the accident scene and transported him to the hospital. These officers testified that they did not request hospital personnel to draw appellant's blood after appellant refused their request for his blood. These officers also testified that appellant was transported to the hospital because of their concern that appellant was suffering from alcohol poisoning. The trial court denied appellant's motion to suppress after finding, among other things, that the "blood test was not taken

as a result of the directive of any law enforcement officer" and that "it was reasonable for the hospital to obtain a blood sample and for (sic) testing based on the existing circumstances" of appellant's extreme intoxication.

Appellant's theory on appeal for suppressing the results of his blood-alcohol test bore little resemblance to the theory he presented at trial. Appellant's sole point of error on appeal presented a state-law claim under the Texas Transportation Code asserting that appellant's blood was illegally seized because appellant did not consent to the taking of his blood by the police or any other person and because no one "die[d] as a result of the accident," which is one of the conditions for seizing someone's blood without their consent under Section 724.012(b), Texas Transportation Code. Appellant's brief in the Court of Appeals summarized his arguments as follows:

> In summary, [appellant] was under arrest while he was in the hospital because his freedom was restricted and the DIC 24 [Texas Transportation Code statutory] warning had been read to him. Since he was under arrest, a sample of his blood could not be taken without his consent unless all the provisions of Section 724.012(b) were applicable. It is clear from the evidence that subsection (3) did not apply, therefore no blood could be taken from [appellant] without his consent. [Appellant] clearly did not consent to having his blood taken, therefore, the taking of his blood by the officer or any other person would be inadmissible under Article 38.23(a) of the Code of Criminal Procedure.[1]

---

1. Section 724.012(b) provides:

   (a) . . .

(b) A peace officer shall require the taking of a specimen of the person's breath or blood if:

The 2–1 majority opinion of the Court of Appeals decided that the police did not seize appellant's blood in violation of the Fourth Amendment or the Texas Transportation Code because the hospital worker who drew appellant's blood "was not acting at the request of law enforcement." *Hailey v. State*, 50 S.W.3d 636, 639–40 (Tex.App.-Waco 2001, pet. granted) (not yet reported). The majority opinion, however, also decided that the results of appellant's blood-alcohol test should have been suppressed because the hospital worker's blood draw, without appellant's consent, constituted an unlawful assault. *Id.*[2] The dissenting opinion criticized the majority opinion for "reversing this case on a theory never argued by any party at any time." *See Hailey*, 50 S.W.3d at 641 (Gray, J. dissenting).

We exercised our discretionary authority to review the decision of the Court of Appeals. Specifically, we granted review to address the following questions:

1. Is it proper for an appellate court to reverse a trial court's judgment on a novel theory of law never presented to the trial court or raised on appeal, where that new theory does not implicate constitutional rights or fundamental fairness, and where the appellate court never gave the parties notice or the opportunity to be heard on that theory?

2. Does a hospital employee commit the crime of assault pursuant to Penal Code Section 22.01 by drawing blood from a patient for medical purposes?

3. Does Art. 38.23, C.C.P., require suppression of evidence obtained by a hospital employee who, without a request from law enforcement, drew a sample of the defendant's blood for medical purposes?

4. Did the Court of Appeals afford proper deference to the trial court's factual findings?

▮▮▮▮ It is well-settled that a Court of Appeals can **affirm** a trial court's decision on a legal theory not presented to the trial court without violating "ordinary notions of procedural default." *See State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex.Cr.App. 1998) ("ordinary notions of procedural default" do not require a prevailing party to

---

(1) the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or watercraft;

(2) the person was the operator of a motor vehicle or watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense;

(3) at the time of the arrest the officer reasonably believes that a person has died or will die as a direct result of the accident; and

(4) the person refuses the officer's request to submit to the taking of a specimen voluntarily.

Section 724.013, Texas Transportation Code, provides that "[e]xcept as provided by Section 724.012(b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer."

Our state exclusionary rule in Article 38.23(a) provides that no evidence obtained by "an officer or other person" in violation of state or federal law "shall be admitted in evidence against the accused on the trial of any criminal case."

2. Section 22.01(a)(1), Texas Penal Code, provides that a person commits an assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Section 22.06(1), Texas Penal Code, provides that the "victim's effective consent or the actor's reasonable belief that the victim consented to the actor's conduct" is a defense to an assault prosecution if "the conduct did not threaten or inflict serious bodily injury." Section 22.06(2)(B), Texas Penal Code, provides that the "victim's effective consent or the actor's reasonable belief that the victim consented to the actor's conduct" is also a defense to an assault prosecution if "the victim knew the conduct was a risk of recognized medical treatment."

list or verbalize "in the trial court every possible basis for upholding" its decision). We have held, however, that it violates "ordinary notions of procedural default" for a Court of Appeals to **reverse** a trial court's decision on a legal theory not presented to the trial court by the complaining party. *See id.*

This latter rule is consistent with the underlying "ordinary notions of procedural default;" a trial court's decision will not be reversed on a theory the trial court did not have an opportunity to rule upon and upon which the non-appealing party did not have an opportunity to develop a complete factual record. *See id.; Posey v. State,* 966 S.W.2d 57, 62 (Tex.Cr.App.1998). These considerations are usually not present when an appellate court **affirms** a trial court's decision on a legal theory not presented to the trial court.

■ Here, the Court of Appeals **reversed** the trial court's decision on a theory not presented to the trial court and upon which the trial court had no opportunity to rule. This also denied the prosecution an opportunity to develop a complete record on whether the hospital worker really did assault appellant. We, therefore, sustain the State's first ground for review, making it unnecessary to address its other grounds for review, which we dismiss.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.