Green v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-456-CR

NO. 2-02-457-CR

NO. 2-02-458-CR

VANOY KERMIT GREEN III APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Vanoy Kermit Green III appeals his convictions for possession of marijuana, possession of a firearm by a felon, and possession of cocaine with intent to deliver.  On the day of trial, appellant moved to compel the State to disclose the identity of its confidential informant.  
See
 
Tex. R. Evid.
 508(c)(2).  After a hearing, the trial court ruled that the State was required to disclose its informant’s identity if it chose to present evidence of certain controlled drug buys.  Before trial continued, the State notified the court and appellant that it would be disclosing its informant’s identity, and the State’s second witness testified concerning the identity.  

In his sole issue, appellant complains that the trial court reversibly erred by failing to hold the in camera hearing required by Rule 508(c)(2) and by failing to instruct the State when it was required to decide whether to disclose the informant’s identity.
(footnote: 2)  Under the circumstances presented here, we hold that the trial court’s failure to conduct the in camera hearing, if erroneous, did not violate appellant’s substantial rights.  
See Heard v. State,
 995 S.W.2d 317, 321 (Tex. App.—Corpus Christi 1999, pet. ref’d) (op. on reh’g) (applying “substantial rights” test to trial court’s denial of motion to disclose); 
accord Beal v. State,
 35 S.W.3d 677, 685 (Tex. App.—Houston [1
st
 Dist.] 2000), 
rev’d on other grounds,
 91 S.W.3d 794 (Tex. Crim. App. 2002).  Appellant received what he requested—the disclosure of the State’s confidential informant.

Accordingly, we overrule appellant’s issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 4, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant did not raise the latter complaint in the trial court; therefore, nothing is presented for our review.  
See
 
Tex. R. App. P.
 33.1(a); 
Hailey v. State,
 87 S.W.3d 118, 121-22 (Tex. Crim. App. 2002)
, 
cert. denied,
 123 S. Ct. 2218 (2003).