Affirmed and Memorandum Opinion filed October 18, 2005









Affirmed
and Memorandum Opinion filed October 18, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00275-CR

____________

 

DERRIS DEMOND THOMAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 953,872

______________________________________________________

 

M E M O R A N D U M   O P I N I O
N








Appellant Derris Thomas was indicted for
aggravated robbery and pled not guilty.  See
Tex. Pen. Code Ann. ' 29.03(a)
(Vernon 2003).  At trial, appellant
denied any involvement in the charged crime and specifically named an
alternative perpetrator.  The jury found
appellant guilty and assessed punishment at five years= confinement
in the Institutional Division of the Texas Department of Criminal Justice.  In two points of error, appellant argues: (1)
the trial court erred by allowing the complainant to make an in-court
non-identification of the man appellant alleged was the perpetrator; and (2)
the trial court erred by allowing hearsay testimony of an extraneous offense
during the punishment phase.  We affirm. 

I.  BACKGROUND

The complainant testified that on the evening of
May 1, 2003, she was accosted by appellant in her apartment complex parking
lot.  The complainant testified appellant
aimed a gun at her head, demanded her purse and keys, and forced her inside the
trunk of her car.  Appellant got into the
car and pulled the car=s backseat
down, which allowed the complainant to see appellant as he drove the car to
various locations.  Appellant drove the
complainant=s car to a gas station and
attempted to withdraw money from an ATM machine using the complainant=s
card.  While appellant=s
attention was diverted, the complainant escaped from the trunk of the car and
called the police. 

During the police investigation, the complainant
identified appellant as the perpetrator in a photo line-up and a live line-up,
and appellant was subsequently arrested. 
Appellant professed his innocence and alleged Quincy Moore, who was
known to have been involved in armed car-jackings, was the actual
perpetrator.  Investigators never
considered Moore as a suspect but, at appellant=s
request, the complainant viewed a photo line-up of five unknown men and Moore
on the eve of trial.  The complainant did
not recognize any of the men as the perpetrator.

During the State=s
case-in-chief, the complainant identified appellant as the perpetrator.  Appellant=s
cross-examination of the State=s
witnesses explored the issue of Quincy Moore=s status
as the perpetrator and elicited testimony of similar robberies Moore had
committed.  The State responded by
eliciting testimony from Officer Guidry, an investigating officer, that the
complainant viewed Moore=s photo
and did not identify him as the perpetrator. 
Appellant made no hearsay objection to Officer Guidry=s
testimony.








Appellant=s defense
alleged mistaken identity, accusing Moore of being the actual perpetrator.  To support this defensive theory and impeach
the reliability of the complainant=s
positive identification of appellant and non-identification of Moore, appellant=s
case-in-chief consisted primarily of: 

(1)       denying appellant=s involvement in the
crime; 

(2)       alleging Quincy Moore was the perpetrator
of the crime; 

(3)       eliciting testimony of Moore=s prior bad acts,
including aggravated robberies similar to the one charged; 

(4)       introducing Moore=s photo into evidence
along with a composite sketch of the perpetrator drawn from the complainant=s description, eliciting
testimony of their resemblances, and implying Moore looked more like the
composite sketch than appellant does;

(5)       eliciting testimony from appellant and another witness that
Moore was seen driving the complainant=s car on the night of the
robbery; 

(6)       attacking the thoroughness of the police investigation; and 

(7)       suggesting the complainant=s positive identification
of appellant was not credible because it was the result of suggestive police
procedures.  

The State responded to appellant=s
defensive theory by eliciting testimony from Officer Guidry that Moore=s modus
operandi was different from this case and that Moore does not look like appellant,
particularly because his skin complexion is completely different.  Appellant replied by eliciting testimony from
Officer Guidry of the similarities between the robberies and of how the
complainant=s perception of the perpetrator=s
complexion could have been affected by the lack of light on the evening of the
incident. 

During the State=s
rebuttal, over objection, the complainant viewed Moore in person and in front
of the jury.  After viewing Moore, the
complainant testified she was certain he was not the man who robbed her. 








II.  DISCUSSION

A.        Texas Rule of Evidence
403

In his first point of error, appellant contends the
trial court erred when it allowed the complainant to make an in-court
non-identification of Quincy Moore when evidence already showed the complainant
did not previously identify Moore as the perpetrator from a photo line-up.  Appellant concedes the identification was
relevant but argues, without citation to authority in support of his argument,
the in-court non-identification should have been done outside of the
jury=s
presence.[1]  Appellant contends the probative value of the
in-court non-identification of Moore in front of the jury was substantially
outweighed by its prejudicial effect.[2]

1.         Standard of Review








A trial court=s ruling
on a 403 objection will not be overturned absent an abuse of discretion.  State v. Mechler, 153 S.W.3d 435, 439B40 (Tex.
Crim. App. 2005).  The rationale for this
broad discretion is twofold.  First, Rule
403=s
language that relevant evidence Amay be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice@ displays
the drafters= intent to vest the trial court
with substantial discretion.  Id.
(quoting Tex. R. Evid. 403)).  Second, the trial court is in a superior
position to evaluate the impact of the evidence than an appellate court
reviewing only a transcript.  See id.;
Montgomery v. State, 810 S.W.2d 372, 378B79 (Tex.
Crim. App. 1990).  Unlike the trial
court, an appellate court A>cannot
weigh on appeal . . . the intonation and demeanor of the witnesses preceding
the testimony in issue . . . nor can [it] determine the emotional reaction of
the jury to other pieces of evidence . . . or judge the success of impeachment
by cross-examination through observation of the jurors.=@  Montgomery, 810 S.W.2d at 379 (quoting United
States v. Robinson, 560 F.2d 507, 512B516 (2d
Cir. 1977)).  The test for whether the
trial court abused its discretion is whether the action was arbitrary or
unreasonable, and we must uphold the admissibility decision when it is within
the zone of reasonable disagreement. Mechler, 153 S.W.3d at 439B40.  

2.         Application of Rule 403








Under Texas Rule of Evidence 401, evidence is
relevant if it has any tendency to make the existence of any fact of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.  Tex. R. Evid. 401.  There is a presumption of admissibility of
relevant evidence.  See Tex. R. Evid. 402; Erazo v. State,
144 S.W.3d 487, 499 (Tex. Crim. App. 2004). 
Relevant evidence still may be excluded by the trial court under Rule
403 Aif its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence.@  Tex.
R. Evid. 403.  When a trial court
balances the probative value of the evidence against its danger of unfair
prejudice, a presumption exists that favors the evidence=s
probative value.  Feldman v. State,
71 S.W.3d 738, 754B55 (Tex.
Crim. App. 2002).  The relevant criteria
for determining whether the prejudice of admitting the evidence substantially
outweighs the probative value include the following: (1) the probative value of
the evidence; (2) the potential the evidence has to impress the jury in an
irrational but nevertheless indelible way; (3) the time needed to develop the
evidence; and (4) the proponent=s need
for the evidence to prove a fact of consequence.  Mechler, 153 S.W.3d at 440.  If the record reveals one or more of those
considerations led to a risk that the probative value of the evidence was
substantially outweighed by the danger of unfair prejudice, then an appellate
court should conclude the trial court abused its discretion by admitting the
evidence.  See Reese v. State, 33
S.W.3d 238, 241 (Tex. Crim. App. 2000). 

a.         Probative Value

We begin our analysis by examining the probative
value of the complained of evidence. 
Identity was a material issue in this case and was vigorously contested
by appellant.  The reliability of the
complainant=s positive identification of
appellant and non-identification of Moore=s photo was
attacked by the defense through suggestions that Moore looks more like the
composite sketch than appellant does.  See
Page v. State, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004) (finding
impeachment on a material detail of identification when cross-examination
suggested that 265 pound defendant was not the 200 pound assailant).  The reliability of the complainant=s
non-identification of Moore was highly relevant to the contested identification
issue, and because the complainant saw the perpetrator in person, it follows
that the most probative non-identification of Moore would also be in
person.  The in-court non-identification
served to make a fact of consequence, namely appellant=s identity,
more probable and had significant probative value.  Accordingly, we conclude the evidence is
highly probative. 

b.         Indelible Impression

The second criteria used to determine whether the
prejudice of admitting the evidence substantially outweighs the probative value
is whether the evidence has the potential to impress the jury in an irrational
but nevertheless indelible way.  ARule 403
does not exclude all prejudicial evidence. 
It focuses only on the danger of >unfair
prejudice.=@  Mechler, 153 S.W.3d at 440.  AUnfair
prejudice@ only occurs if relevant evidence
tends to tempt a jury into a finding of guilt on grounds other than proof of
the charged offense.  Id.








The complainant=s
non-identification of Moore in the jury=s
presence was prejudicial to appellant=s
defensive theory; however, the non-identification was not Aunfairly
prejudicial@ and it did not have the
potential to impress the jury in an irrational way simply by showing the
complainant did not recognize Moore as the perpetrator.  The jury was still required to be convinced
beyond a reasonable doubt that appellant was the perpetrator of the charged
offense and was not left with an irrational impression.  Accordingly, given the other identification
evidence in this case, we cannot conclude the complainant=s
in-court non-identification of Moore impressed the jury in an irrational but
nevertheless indelible way. 

c.         Time to Develop

The third criteria used to determine whether the
prejudice of admitting the evidence substantially outweighs the probative value
is the amount of time needed to develop the contested evidence, during which
the jury will be distracted from the indicted offense.  Id. at 441.  The time involved in making the
non-identification in this case was short and was unlikely to distract the
jurors from considering the charged offense. 
This factor weighs in favor of the State.

d.         Need for the
Evidence








The last factor used to determine whether the
prejudice of admitting the evidence substantially outweighs the probative value
focuses on the proponent=s need
for the evidence to prove a fact of consequence.  This factor encompasses whether the proponent
has other evidence establishing this fact and whether this fact is related to a
disputed issue.  Id.  During the State=s
case-in-chief, Officer Guidry told the jury the complainant had viewed Moore=s photo
and did not recognize him as the perpetrator. 
Appellant=s
case-in-chief attacked the reliability of the complainant=s non-identification
of Moore by suggesting Moore looked like the composite sketch of the
perpetrator.  According to testimony
elicited by the State, although Moore and appellant share some resemblances,
they look different in person because they have Acompletely
different@ skin complexions.  Appellant undermined the differences between
appellant=s and Moore=s complexions
by eliciting testimony that the complainant=s
perception of the perpetrator=s
complexion could have been affected by the lack of light on the evening of the
incident, increasing the State=s need
for the in-court non-identification. 
Accordingly, the State needed the in-court non-identification of Moore
by the complainant to help prove the contested issue of identity.  

Evaluating the above four factors and balancing
the prejudicial nature of the evidence against its probative value, we conclude
the trial court did not abuse its discretion by allowing the in-court
non-identification of Moore because the prejudice of the complainant=s
non-identification of the alternative perpetrator does not outweigh its
probative value.

Accordingly, we overrule appellant=s first
point of error.

B.        Hearsay Testimony

In his second point of error, appellant contends
the trial court erred by allowing hearsay testimony of an extraneous offense
during the punishment phase. 

At trial, appellant argued as follows:

Your honor, [the State does not] even have
probable cause to charge [appellant] in that offense. If they had it, they
would have already charged him for aggravated robbery in that case.  They were investigating that case originally
and they didn=t have enough evidence to
even charge him in that case.

I think for that reason there is no
evidence that he committed this beyond a reasonable doubt.  This would be another trial to go
through.  He never admitted to robbing anyone.  He admitted to using a credit card that was
given to him by Quincy Moore.  That=s what put him in this
case to begin with.  There was absolutely
no probable cause for them to even get a complaint on the other case.  They were investigating multiple aggravated
robberies.  They never even filed on that
other case because they didn=t have enough to get even probable cause.  They filed on this because they had a
positive I.D.  They didn=t have that in the other
case.   

 








Appellant=s hearsay
complaints and alleged violations of the confrontation clause were never raised
in the trial court below, and appellant may not raise them for the first time
on appeal.  To preserve error, a
defendant=s trial objection must comport
with the issue raised on appeal.  See Tex. R. App. P. 33.1(a); Goff v. State, 931 S.W.2d
537, 551 (Tex. Crim. App. 1996). 
Appellant=s
arguments on appeal present a substantially different basis for excluding the
extraneous evidence than those raised in the trial court.  Appellant=s failure
to raise his appellate arguments at trial deprived the trial court of the
opportunity to rule upon the argument and deprived the State of an opportunity
to develop a complete factual record.  See
Hailey v. State, 87 S.W.3d 118, 121 (Tex. Crim. App. 2002).  Because these issues were not raised at
trial, we will not violate ordinary notions of procedural default, nor vitiate
the efforts of the trial court and the prosecution by ruling on issues that
were never presented during the proceedings below.  These issues are waived on appeal, and there
is nothing for this court to review.  

Accordingly, we overrule appellant=s second
point of error.

III.  CONCLUSION

Having overruled appellant=s points
of error, we affirm the judgment of the trial court.

 

/s/        John S. Anderson

Justice

 

Judgment
rendered and Memorandum Opinion filed October 18, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  At trial,
appellant did not request the non-identification of Moore be made outside of
the jury=s presence. 





[2]  The State
argues appellant failed to preserve this argument on appeal.  When the State called the complainant as a
rebuttal witness to identify Moore in court, appellant=s overruled objection to the identification was as
follows:

 

Your Honor, I also want to put on the record that I
object to that identification.  I think
at this point it=s rather inflammatory and it wasn=t done in the proper investigation.  I don=t feel
that B it wasn=t put in
a photospread, it wasn=t put in a live lineup.   

 

The State contends the trial court
objection is too general and does not comport with the objection on
appeal.  We believe appellant=s Ainflammatory@
objection was sufficiently specific to inform the trial court of this specific
Rule 403 complaint.  See Tex. R. App. P. 33.1(a).