IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0966-05






JOSE PENA, Appellant


 

v.



THE STATE OF TEXAS







ON STATE'S PETITION FOR DISCRETIONARY REVIEW 


FROM THE TENTH COURT OF APPEALS

LEON COUNTY




 Hervey, J., filed a dissenting opinion in which Keasler, J., joined.


DISSENTING OPINION


 Tex. Const., Art. I, § 19, provides that:

 No citizen of this State shall be deprived of life, liberty, property, privileges or
immunities, or in any manner disenfranchised, except by the due course of the law
of the land.


 The Tenth Court of Appeals read into this state constitutional provision a specific right,
broader than that provided by its federal counterpart in the United States Constitution's due process
clause, (1) that had gone completely unnoticed for over 150 years. See Pena v. State, 166 S.W.3d 274,
278-81 (Tex. App.-Waco 2005). This Court decides that the Tenth Court can make this
interpretation under its authority to address "unassigned error" but not without first giving the parties
an opportunity to be heard. The Court states that appellate courts are authorized to review
"unassigned error" which is defined as "a claim that was preserved in the trial below but was not
raised on appeal." Pena v. State, S.W.3d slip op. at 5 (Tex.Cr.App. No. PD-0966-05, delivered
this date) citing Rezac v. State, 782 S.W.2d 869, 870 (Tex.Cr.App. 1990) (once appellate jurisdiction
is properly invoked, limits of issues that appellate court may address "are set only by that court's
discretion and any valid restrictive statute"); but see Tex. R. App. Proc. 38.1 (e) (requiring an
appellant's brief to "state concisely all issues or points presented for review" which appellate courts
should treat "as covering every subsidiary question that is fairly included"); Tex. R. App. Proc. 47.1
(requiring appellate court to hand down written opinion that "addresses every issue raised"). (2)

 The Court's opinion, however, declines to address the State's claim that the state
constitutional issue decided by the Tenth Court was not "preserved in the trial below." See Pena,
slip op. at 5 n.14 (declining "to address this contention at this time"); see also Pena, 166 S.W.3d at
283-86 (Gray, J., dissenting) (state constitutional issue not preserved in the trial court). I would
address this claim and decide that the state constitutional claim decided by the Tenth Court was not
"preserved in the trial below" for the reasons set forth in the dissenting opinion in the Court of
Appeals. See id. Though appellant generally mentioned the state constitution in the trial court
proceedings, he did not specifically indicate how the state constitutional due course of law provision
differed from its federal counterpart so as to inform the trial court and the other party of the need to
respond to this claim. See id.; see also Tex. R. App. Proc. 33.1(a)(1) (to preserve error for appellate
review, complaining party must make objection stating the grounds "with sufficient specificity as
to make the trial court aware of the complaint"). This case should be controlled by our decision in
Hailey v. State, 87 S.W.3d 118, 121-22 (Tex.Cr.App. 2002).

 I respectfully dissent.


 Hervey, J.


Filed: April 26, 2006

Publish
1. But see Jimenez v. State, 32 S.W.3d 233, 242 (Tex.Cr.App. 2000) (McCormick, P.J.,
concurring) (due process clause in federal constitution and due course of law provision in state
constitution mean the same thing).
2. It is also doubtful that Tex. R. App. Proc. 2 is authority for the Tenth Court to sua sponte
address the state constitutional question since this does not "order a different procedure." Rule 2
provides:


 On a party's motion or on its own initiative an appellate court may-to expedite a
decision or for other good cause-suspend a rule's operation in a particular case and
order a different procedure; but a court must not construe this rule to suspend any
provision in the Code of Criminal Procedure or to alter the time for perfecting an
appeal in a civil case.