Affirmed and Memorandum Opinion filed June 27, 2006









Affirmed
and Memorandum Opinion filed June 27, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00331-CR

____________

 

ANTHONY WAYNE
BELLE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 994,571

 



 

M E M O R A N D U M    O P I N I O N

A jury convicted appellant Anthony Wayne
Belle on one count of possession with intent to manufacture or deliver a
controlled substance weighing more than 400 grams and sentenced him to fifty
years confinement in the Texas Department of Criminal JusticeCInstitutional
Division.  In his sole issue on appeal,
he contends the trial court erred by denying his motion to suppress.  We affirm.








I.  Factual and Procedural Background

On July 16, 2004, appellant drove a Ford
Taurus into the parking lot of a Houston pool hall.  He circled the lot several times while
talking on his cellular phone and eventually parked the vehicle approximately
twenty feet from an unmarked police car. 
A truck driven by another male then parked in front of the Taurus.  Appellant and the driver of the truck exited
their respective vehicles, and after greeting each other and shaking hands, the
driver of the truck handed appellant a gold-colored gift bag.  Appellant placed the bag in the front
passenger seat of the Taurus, and eventually drove out of the parking lot.  Officer William Davis of the Houston Police
Department=s narcotics division, who had made
numerous narcotics-related arrests at that location, witnessed the events from
the unmarked police car and suspected the two men engaged in a narcotics
transaction.  After discovering that the
license plates on the Taurus had expired earlier in the year, he then followed
appellant out of the parking lot and requested additional officers to report to
the area.

Davis stated that, while he was following
appellant, he saw appellant change lanes without signaling and drive in excess
of the posted speed limit.  Approximately
three miles from the pool hall, an officer responding to Davis=s call signaled
for appellant to pull over.  Appellant
turned into a restaurant parking lot. 
Davis approached the vehicle and asked appellant if there was anything
illegal in the vehicle; appellant responded that there was not.  Davis then requested permission to search the
vehicle, but appellant refused his request.








A K-9 unit was called to the location and
arrived thirty minutes later.  The canine
made a positive odor response to the exterior door seam on the passenger side
of the Taurus.  After officers removed
the gift bag from the floor of the vehicle, the canine examined the interior of
the car.  Another positive odor response
was made in the area where the gift bag had been sitting.  Finally, the canine made a positive odor
response to the gift bag itself.  
Officers then opened the gift bag and found what appeared to be a
kilogram of narcotics.  Appellant was
arrested and charged with possession with the intent to deliver a controlled
substance weighing over 400 grams.  The
substance inside the bag was later determined to be cocaine.

Appellant filed a motion to suppress the
evidence obtained from the canine search. 
The motion also included a request for a Daubert hearing[1]
on the basis that the evidence was inadmissible because Athe training and
use of the animal on this occasion was not trained or maintained properly so as
to render any result inherently unreliable.@  The trial court held a pretrial hearing at
which it heard testimony on the Daubert issue.  At the conclusion of the hearing, the trial
court denied the motion to suppress.  A
jury found appellant guilty and sentenced him to fifty years imprisonment.  This appeal ensued.

II.  Issue Presented

In this sole issue, appellant contends the
trial court improperly denied his motion to suppress because the arresting
officers conducted a search that exceeded the scope of the stop.  Before we address the merits of this issue,
however, we first consider whether it has been properly preserved for our
review.

III.  Discussion

A.      Did
Appellant Preserve Error?

Appellant=s motion to
suppress contained generalized allegations that Athe arrest and
search of [appellant] and the seizure of items, papers, and effects from
[appellant]@ and Athe search of
[appellant=s] vehicle@ were without
probable cause or reasonable suspicion. 
As authority, he cited only the Fourth and Fourteenth Amendments to the
Federal Constitution, article I section 9 of the Texas Constitution, and
section 38.24 of the Code of Criminal Procedure.  The motion contained no citations to
analogous case law, nor did it present any argument to support appellant=s contentions
regarding the absence of probable cause or reasonable suspicion.  








At the hearing on the motion to suppress,
appellant challenged the sufficiency of the canine=s training prior
to his arrest.  He also argued that
allowing the canine to sniff inside the vehicle exceeded the scope of the
search.  In his closing statement at the
hearing, appellant=s trial counsel summarized his argument
before the trial court:

[A]bsent the Court being offered
some scintilla of evidence proving the validity, the underpins [sic] of the
training, and the way the training was applied to this particular dog, renders
the search no search.  And the entire
probable cause for that search was that dog. 
Absent that dog=s training and experience, there is
no probable cause to search. . . . .

In addition, Your Honor, on the
other article of suppression, once the dog entered into this vehicle . . . I
believe the search . . . becomes inadmissible because it=s beyond the scope.

On appeal, however, appellant abandons the
arguments raised at the hearing. 
Instead, he contends, Athe state of the
evidence shows that the officers did nothing to further investigate or
effectuate the traffic stop@ and therefore, Athe continued
detention to wait for a canine unit was improper.@[2]  But as appellant concedes in his brief, Athere was no
[argument] at the suppression hearing that the initial stop was not legal.@  








To present a claim
for appellate review, it is a prerequisite that a complaint stating the specific
grounds for the objection be made in the trial court.  Tex.
R. App. P. 33.1(a) (emphasis added). 
This applies to constitutional rights, including freedom from an
unlawful search and seizure.  Little
v. State, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988) (en banc).  Global objections to constitutional
provisions and to the general exclusionary statute, such as those made in
appellant=s written motion to suppress, are not
sufficiently specific to preserve the arguments he now makes on appeal.  Swain v. State, 181 S.W.3d 359, 365
(Tex. Crim. App. 2005) (en banc). 
Although error is not waived Awhere the grounds
of the objection are obvious to the court or the opposing counsel,@ Eisenhauer v.
State, 754 S.W.2d 159, 161 (Tex. Crim. App. 1988) (en banc), the only
grounds made obvious at trial were those voiced at the pretrial hearing.  As the Court of Criminal Appeals noted in Hailey
v. State, AIt violates ordinary notions of procedural
default for a Court of Appeals to reverse a trial court=s decision on a
legal theory not presented to a trial court by the complaining party.@  87 S.W.3d 118, 122 (Tex. Crim. App.
2002).  Accordingly, appellant has not
preserved error, and the judgment of the trial court is affirmed.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum Opinion filed June 27,
2006.

Panel consists of Chief Justice Hedges and Justices Yates
and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  See Daubert
v. Merrill Dow Pharms., Inc., 509 U.S. 579 (1993).





[2]  Appellant=s brief also contained a preemptive rebuttal to the
argument that the search was valid under an Aimpoundment@ theory. 
Appellant acknowledges that such an argument was not raised by the State
at the hearing, and the State also does not raise that theory in its brief.