Opinion issued July 17, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00255-CR






CHARLES EDWARD SERRATT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1406773






MEMORANDUM OPINION


 Appellant, Charles Edward Serratt, was convicted of misdemeanor driving
while intoxicated (1) enhanced by a prior felony conviction. Appellant entered a plea
of no contest in exchange for a punishment recommendation of incarceration for 45
days. In his sole point of error, appellant contends that the trial court erred in denying
his motion to suppress.

 We affirm.

Background

 On September 30, 2006, during his evening patrol, Sergeant K. Bitz of the
Tomball Police Department heard the squealing of tires from approximately 50 yards
away. Sergeant Bitz drove in the direction of the squealing sound and observed
appellant driving in circular motions and creating skid marks on the pavement of the
parking lot of a local bar. Sergeant Bitz recognized this conduct as a violation of the
Tomball City ordinance against "digging out," or producing tire squeal due to sudden
acceleration. Sergeant Bitz conducted a traffic stop and eventually arrested appellant
for driving while intoxicated.

 Appellant filed a Motion to Suppress Evidence based on the allegedly illegal
stop of appellant's vehicle by Sergeant Bitz. The motion to suppress alleged that
Sergeant Bitz lacked reasonable suspicion and probable cause to detain appellant and
sought to exclude the physical and testimonial evidence derived as a result of the
illegal arrest, including "all items of physical and/or tangible evidence, all
photographs, all digital still images and videotaped images . . . , all testimony of any
law enforcement officers . . . [, and] the results of any and all scientific tests or
procedures. . . ."

 At the suppression hearing, the State called Sergeant Bitz to testify to what he
had observed that led him to initiate the traffic stop of appellant. Sergeant Bitz
testified that he observed appellant driving in what he believed was a reckless
manner, driving in circles and causing his tires to squeal and leave skid marks in the
parking lot. Sergeant Bitz recognized appellant's driving as a violation of the
Tomball City Ordinance against "digging out." On cross-examination, appellant
asked whether Sergeant Bitz had a friend on the Tomball Police Department who had
played pool against appellant on the day of the incident. Sergeant Bitz testified that
he did not know of anyone who had played pool against appellant. Appellant also
asked whether Sergeant Bitz had received a phone call from a fellow police officer
concerning a dispute with appellant prior to his observation of appellant's reckless
driving, and Sergeant Bitz denied that he had received any phone calls regarding
appellant.

 Appellant himself testified at the suppression hearing that he did not drive in
circles in the parking lot or cause his tires to squeal. He also testified that his truck
was not capable of making the squealing noise that Sergeant Bitz heard. Appellant
presented the testimony of a certified mechanic regarding the mechanical capabilities
of appellant's truck. The mechanic testified that he did not believe appellant's truck
was capable of making the noise Sergeant Bitz described or of leaving the tire marks
found at the scene. On cross-examination of the mechanic, the State established that
the mechanic had not been specially trained in identifying skid marks and had not
done any testing to confirm the exact capabilities of appellant's truck.

 In support of his motion to suppress, appellant argued,

Our allegation is that [Sergeant Bitz] was lying. If the Officer was
telling the truth, obviously there would be probable cause. And,
reasonable suspicion. But, our allegation is that [Sergeant Bitz] is
completely lying. He fabricated everything. And, the reason and motive
he fabricated everything--I think he lied about whether he got a cell
phone call from a fellow officer saying, "There is somebody in here
trying to scam me at pool."


To support his argument, appellant pointed to the testimony that appellant's truck was
not capable of driving in a circle while causing the tires to squeal and leaving marks,
and to the lack of skid marks. He finished his argument to the trial court by stating,
"So, our contention is that [Sergeant Bitz] was completely lying. There is no
probable cause. He stopped [appellant] because he got a cell phone call, 'He cheated
me at pool.'"

 The trial court denied appellant's motion to suppress, stating that it found
Sergeant Bitz's testimony credible. As a result of the trial court's ruling denying his
motion to suppress, appellant entered a plea of no contest and was assessed
punishment of incarceration for 45 days. This appeal followed.

Analysis

 In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress and states that Sergeant Bitz's testimony failed to establish
that appellant violated the Tomball City Ordinance against "digging out" because he
"never testified that . . . appellant's vehicle was making [the squealing sound] by its
tires turning under sudden acceleration." Appellant argues that Sergeant Bitz's
testimony failed to state objective facts "that would allow a detached magistrate to
determine that appellant had violated the law." The State argues that appellant has
not preserved this argument for appeal. We agree that the error has not been
preserved.

 To preserve error for appellate review, a timely and reasonably specific
objection is required. TEX. R. APP. P. 33.1(a); Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995). The argument made on appeal must correspond with the
objection made to the trial court--an appellant cannot object based on one legal
theory at trial and use this objection to support another legal theory on appeal. 
Broxton, 909 S.W.2d at 918; see also Hailey v. State, 87 S.W.3d 118, 122 (Tex. Crim.
App. 2002) (holding that violation of "ordinary notions of procedural default" occurs
when court of appeals reverses trial court's decision based on error raised for first
time on appeal).

 Here, the record reflects that appellant's objection and testimony during the
hearing on the motion to suppress asserted that Sergeant Bitz's testimony was not
credible because he had other motives for stopping appellant in the parking lot on the
night in question. Appellant argued that probable cause was lacking because
Sergeant Bitz lied about observing appellant driving in a circular motion or creating
skid marks on the pavement of the public parking lot. In contrast, on appeal,
appellant contends that Sergeant Bitz's testimony was insufficient to show that
appellant had violated the particular Tomball City Ordinance against "digging out"
because Sergeant Bitz failed to state that he observed appellant making a squealing
sound by making his tires turn under "sudden acceleration." 

 Because appellant's point of error on appeal questions whether Sergeant Bitz's
testimony was sufficient to establish probable cause, but his argument to the trial
court was that Sergeant Bitz was lying and that his testimony lacked credibility,
appellant failed to preserve his point of error for appeal. See TEX. R. APP. P. 33.1(a);
Broxton, 909 S.W.2d at 918.

 We overrule appellant's sole point of error.






Conclusion

 We affirm the judgment of the trial court.






 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003).