Opinion issued July 16, 2009













In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00782-CR




TOMMY JOE GREEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 07CR0629




MEMORANDUM OPINION
          A jury convicted appellant, Tommy Joe Green, of unlawful possession of a
firearm by a felon. See Tex. Penal Code Ann. § 46.04(a)(1) (Vernon Supp. 2008).
After finding that appellant had two previous convictions for possession of a
controlled substance, the jury assessed punishment at 50 years’ imprisonment. 
Appellant brings three points of error, in which he contends the trial court erred in
overruling his motion to suppress. We affirm.
                                                        Background
          Texas City Police Officer Richard Valdivia pulled over the car appellant was
driving when Valdivia saw appellant fail to signal a right turn. Appellant parked the
car, got out, and waited for Officer Valdivia to approach him. Valdivia asked
appellant for his driver’s license, and appellant responded that he had only an
identification card. Officer Valdivia also asked for permission to search both
appellant and the car. Appellant gave permission for a personal search, but refused
to allow a search of the car, explaining that it did not belong to him. Valdivia had a
search run on appellant, which revealed that appellant did not have a driver’s license,
and Valdivia arrested appellant. See Tex. Transp. Code Ann. §§ 521.021, .461
(Vernon 2007) (requiring driver’s license when operating motor vehicle on highway
and establishing offense for violation).
          After appellant’s arrest, Officer Valdivia’s partner, Officer Brian Berg,
searched the car appellant was driving. Berg searched the immediate area where
appellant had been sitting and found a .38 handgun wrapped in a cloth in the middle
of the passenger’s seat. A man approached the officers and claimed to own the car,
but the officers testified that appellant had already been arrested and that the search
was either in progress or had been concluded. The officers did not allow the man to
prove his ownership. The car was towed away, pursuant to what Officer Berg
testified was the standard practice of the Texas City Police Department to either tow
a vehicle or release it to the registered owner. The alleged owner did not testify at
trial.
          Detective Randall Johnson spoke to appellant on the day after appellant was
arrested. Johnson testified that he informed appellant of his Miranda


 rights before
asking appellant to make a statement. Johnson testified that appellant waived those
rights in writing before making his voluntary statement and confession, and that
appellant neither requested an attorney, nor appeared intoxicated. Johnson also
testified that, approximately 27 hours after the arrest, appellant signed the statement
and confession, which contained the following language: “I further state that I
understand that I have waived each of the rights set out in the beginning of this
statement and was fully aware of my rights during the entire period that the above
statement was taken.”
          Appellant testified outside the presence of the jury that he was under the
influence of the drug Xanax at the time of his arrest and that the effect of the drug had
not worn off when he signed his confession. Appellant also testified that he asked
Detective Johnson for an attorney.
          After an evidentiary hearing outside the jury’s presence, the trial court denied
appellant’s motion to suppress the statement:
THE COURT: Okay. It’s the Court’s finding that a [Code of
Criminal Procedure article] 38.22 warning was appropriately given in
this case and was initialed off and was signed off by the Defendant in
this case on multiple occasions. And that the Defendant had -- did
waive his Miranda, so-called Miranda rights not just once, but a couple
of times. And that the statement was made voluntarily. So I’m denying
the suppression of the statement. And that’s it.
See Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (Vernon 2005). The trial court did
not expressly rule prejudgment on the motion to suppress evidence of the gun.
Discussion
          In point of error one, appellant claims the trial court erred in denying his
motion to suppress his confession. On appeal, appellant essentially argues four
specific reasons for the alleged error: (1) appellant was not timely taken before a
magistrate and warned;


 (2) the record contains evidence that appellant was not
admonished of his Miranda rights before giving his confession; (3) Detective
Johnson did not provide a scientific basis for his testimony that appellant was not
under the influence of drugs at the time the statement was taken; and (4) appellant
requested a lawyer, yet Detective Johnson nonetheless proceeded with questioning
appellant. Of these four reasons, only the last was argued by appellant at the hearing
on the motion to suppress. Accordingly, we hold appellant has not preserved reasons
one, two, and three for appellate review. See Tex. R. App. P. 33.1(a)
(preservation-of-error rule); Hailey v. State, 87 S.W.3d 118, 122 (Tex. Crim. App.
2002) (appellate court cannot reverse on legal theory not presented to trial court by
complaining party).
          We now consider the argument that appellant did preserve—appellant’s claim
that he requested a lawyer at the time of his arrest, yet Detective Johnson nonetheless
proceeded with questioning appellant without a lawyer present. Appellant’s briefing
consists of the following:
Testimony elicited by trial counsel during the suppression hearing
focused on Appellant’s denial of his right to counsel as a basis to
suppress his written confession. Trial counsel argued to the court,
“I would argue to the Court that once the right to an attorney is invoked,
that the officer is supposed to stop questioning. And even if somebody
signs the waivers after that, if the right to an attorney is invoked, then
that’s not a valid waiver. (RR3-128). For these reasons, Appellant’s
written statement should have been suppressed.
Appellant neither cites authority for this argument, nor attacks the trial court’s finding
that his statement was made voluntarily. The record contains evidence that Detective
Johnson informed appellant that appellant had “the right to have a lawyer present to
advise [him] prior to and during any questioning.”
          We overrule point of error one.
          In points of error two and three, appellant claims the trial court erred in
denying his motion to suppress evidence of the gun, because he claims the inventory
search of the car was illegal under both the state (point two) and federal (point three)
constitutions. See U.S. Const. amend. IV; Tex. Const. art. I, § 9. The trial court did
not rule during trial on appellant’s motion to suppress evidence of the gun, but ruled
postjudgment as follows:
3.The Court further finds that the vehicle was searched without a
warrant. The court finds that the vehicle search was reasonable,
was incident to a lawful arrest and the vehicle was also lawfully
inventoried prior to being impounded.
4.Finally the Court finds that during the lawful search of the
vehicle, by the Texas City Police Department, a gun was found on
the front seat of the vehicle. It was subsequently learned that the
Defendant, Tommy Joe Green had been convicted of a Felony and
he was charged with Felon in Possession of a Firearm.
          On appeal, appellant challenges the impoundment of the car and the resulting
inventory search, but appellant does not challenge the legality of the search based on 
a search incident to an arrest. See New York v. Belton, 453 U.S. 454, 460, 101 S. Ct.
2860, 2864 (1981) (“Accordingly, we hold that when a policeman has made a lawful
custodial arrest of the occupant of an automobile, he may, as a contemporaneous
incident of that arrest, search the passenger compartment of that automobile.”)


; State
v. Gray, 158 S.W.3d, 465, 470 & n.12 (Tex. Crim. App. 2005). Even if the trial
court’s postjudgment “order” is a ruling on appellant’s motion to suppress that
preserves error under Texas Rule of Appellate Procedure 33.1(a)(1)(A), appellant has
not challenged on appeal all possible legal bases to support the introduction of the
gun into evidence. Because the trial court’s decision can be upheld on any theory of
law applicable to the case, we do not decide whether the inventory search would
violate the state and federal constitutions. See Hailey, 87 S.W.3d at 121.
          We overrule points of error 2 and 3.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
 
 
                                                             Jim Sharp
                                                             Justice
 
Panel consists of Justices Bland, Sharp, and Taft.



Do not publish. Tex. R. App. P. 47.2(b).