

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1340–12

### THE STATE OF TEXAS

### v.

### SHIRLEY COPELAND, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### VICTORIA COUNTY

**Meyers, J., filed a dissenting opinion.**

### DISSENTING OPINION

The majority concludes that the holding in *Georgia v. Randolph*, 547 U.S. 103

(2006) does not apply to vehicular searches and that those searches are controlled by pre-

existing law. However the State's PDR asked us, "If a trial court can assume standing

after a mere claim of common-law marriage, then is the consent to conduct a warrantless

search of a vehicle pulled over on the side of the road given by the physically present

driver and registered owner valid in the face of refusal by the passenger?" Since the

majority says that voluntariness of consent cases like this are controlled by pre-existing law, I do not agree with the majority's decision to reverse the court of appeals and the trial court.

First, we have said that appellate courts should uphold the trial court's decision from a suppression hearing if any theory of law sustains it. *Hailey v. State*, 87 S.W.3d 118 (Tex. Crim. App. 2002). Second, appellate courts use an abuse of discretion standard of review when analyzing a trial court's decision regarding the voluntariness of consent to search, and the trial judge here did not abuse his discretion in granting this motion to suppress. In fact, it would have been an abuse of discretion to *deny* the motion to suppress because there was not clear and convincing evidence that the consent to search was voluntary. *See State v. Ibarra*, 953 S.W.2d 242 (Tex. Crim. App. 1997) (the State's burden of proof at a hearing on a motion to suppress is to show by clear and convincing evidence that the search was voluntary.) Given the fact that there were two occupants of the vehicle who had standing to consent to a search and one said "yes" and one said "no," the voluntariness of consent to search was certainly not clear and convincing in this case.[1] Seems to me that existing law pretty much should have covered an affirmance by this Court.

The majority got it right by not extending *Randolph* to vehicles, but *Randolph* is not the determining factor here. Unfortunately the majority reverses the judgment of the

---

[1] This 50/50 response would not even provide a preponderance of the evidence that the consent was voluntary.

court of appeals and remands the case to that court for proceedings consistent with its opinion. Since this court does not uphold the trial court's ruling to suppress even though it was correct, the court of appeals must now send the case back to the trial court for a trial. This is just not fair. Because I would affirm the court of appeals and the trial court, I respectfully dissent.

Filed: May 8, 2013

Publish