IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1340-12






THE STATE OF TEXAS



v.



SHIRLEY COPELAND, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


VICTORIA COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 The majority concludes that the holding in Georgia v. Randolph, 547 U.S. 103
(2006) does not apply to vehicular searches and that those searches are controlled by pre-existing law. However the State's PDR asked us, "If a trial court can assume standing
after a mere claim of common-law marriage, then is the consent to conduct a warrantless
search of a vehicle pulled over on the side of the road given by the physically present
driver and registered owner valid in the face of refusal by the passenger?" Since the
majority says that voluntariness of consent cases like this are controlled by pre-existing
law, I do not agree with the majority's decision to reverse the court of appeals and the
trial court. 

 First, we have said that appellate courts should uphold the trial court's decision
from a suppression hearing if any theory of law sustains it. Hailey v. State, 87 S.W.3d
118 (Tex. Crim. App. 2002). Second, appellate courts use an abuse of discretion standard
of review when analyzing a trial court's decision regarding the voluntariness of consent to
search, and the trial judge here did not abuse his discretion in granting this motion to
suppress. In fact, it would have been an abuse of discretion to deny the motion to
suppress because there was not clear and convincing evidence that the consent to search
was voluntary. See State v. Ibarra, 953 S.W.2d 242 (Tex. Crim. App. 1997) (the State's
burden of proof at a hearing on a motion to suppress is to show by clear and convincing
evidence that the search was voluntary.) Given the fact that there were two occupants of
the vehicle who had standing to consent to a search and one said "yes" and one said "no,"
the voluntariness of consent to search was certainly not clear and convincing in this case. (1) 
Seems to me that existing law pretty much should have covered an affirmance by this
Court. 

 The majority got it right by not extending Randolph to vehicles, but Randolph is
not the determining factor here. Unfortunately the majority reverses the judgment of the
court of appeals and remands the case to that court for proceedings consistent with its
opinion. Since this court does not uphold the trial court's ruling to suppress even though
it was correct, the court of appeals must now send the case back to the trial court for a
trial. This is just not fair. Because I would affirm the court of appeals and the trial court,
I respectfully dissent. 


Filed: May 8, 2013

Publish



1. This 50/50 response would not even provide a preponderance of the evidence that the
consent was voluntary.