

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1873-11

**THE STATE OF TEXAS**

**v.**

**CARLOS ESPARZA, Appellee**

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### <u>DISSENTING OPINION</u>

In its findings of fact and conclusions of law, the trial court found, "The State failed to present any testimony regarding the breath-test results; therefore, those results were suppressed by the Court." The State argued on appeal that the trial court abused its discretion because the State did not have the burden of production. The court of appeals found no theory of law to support the trial court's order.[1] The court of appeals and the

---

[1]The court of appeals reiterated the axiom in our appellate law that the appeals court should affirm the judge's ruling if it can be justified on any other theory of law. *See Hailey v.*

majority specifically reject Appellee's argument that his pretrial motion to suppress challenged the scientific reliability of the breath-test results. The majority states that the Appellee argued that the evidence should be excluded as illegally obtained but did not argue that it should be excluded as scientifically unreliable and inadmissible. If Appellee had so argued, then the burden of production would have been on the State. The majority says that the absence of evidence could be a reason for a trial judge to deny a motion to suppress but it is not a valid reason to grant the motion. I disagree. The defendant's motion to suppress asked the judge to review the lawfulness of the detention and the breath-test evidence. Appellee was not required to cite rules of evidence, which do not apply at suppression hearings, in order for the judge to review the requested breath-test results. *See Granados v. State*, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002).[2] It is clear from the record that the trial judge understood the defendant's request to review the reliability and admissibility of the breath-test evidence, but the fact is that the State did not present any evidence at all related to the breath test. After the arresting officer testified at the hearing, the judge asked the State to call its next witness and the State said it was "pretty much done." The judge asked the State two more times to call a witness.

---

*State*, 87 S.W.3d 118 (Tex. Crim. App. 2002). We actually abandoned this line of reasoning in Judge Alcala's opinion in *State v. Copeland*, 399 S.W.3d 159 (Tex. Crim. App. 2013). Apparently the courts of appeals are no longer supposed to try to affirm cases on some other grounds.

[2] Obviously the majority relies on Rule of Evidence 703 to justify the decision in this case. Apparently the majority has overruled *Granados* and the Rules of Evidence do now apply to suppression hearings.

At that point it was clear that the State had nothing to show the court concerning the reliability of the breath test.  Because nothing was provided for the judge to review, he was certainly within his discretion to suppress this evidence.

In its findings and conclusions, the trial court determined that Appellee was lawfully detained, but because the State failed to present evidence regarding the breath test, the trial judge granted the defendant's motion to suppress.  The trial judge did not abuse his discretion in suppressing evidence that the State failed to produce at the hearing and therefore I would reverse the court of appeals and affirm the ruling of the trial court.

Filed: October 30, 2013

Publish