**Affirmed and Memorandum Opinion filed August 22, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00144-CR

**MARCOS ABREGO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1683558**

## MEMORANDUM OPINION

A jury found appellant Marcos Abrego guilty of murder and assessed punishment at life imprisonment. *See* Tex. Penal Code § 19.02. In a single issue on appeal, appellant contends the trial court erred by denying his motion to suppress. We affirm the judgment of the trial court as challenged on appeal.

# I. BACKGROUND

On July 16, 2020, complainant Byron Thomas Jr. was sitting in his vehicle in the apartment complex where he lived when a silver Toyota Camry pulled up behind complainant's vehicle, rolled down the window, and opened fire on complainant's vehicle. One bullet struck and killed complainant.

Approximately two hours later, Deputy Robinson found appellant and his car—a silver Toyota Camry—in a nearby park. According to Deputy Robinson's testimony, the car was illegally parked both by location (on a trail) and time (after park hours). Deputy Robinson asked appellant for identification, and appellant responded that his identification was inside the car. Deputy Robinson testified that appellant opened the car door and then asked if Deputy Robinson was going to shoot him. Deputy Robinson said, "no." Appellant did not produce his identification, and none was found. Deputy Robinson noticed the smell of marijuana emanating from the car.

More officers arrived on the scene and searched appellant's car. The officers arrested appellant. Officers found a gun inside the car that ballistically matched the bullets fired at complainant. Officers also recovered a bag of fresh marijuana from inside the car.

Appellant filed a motion to suppress before trial, and a hearing was held on the motion before trial commenced. The motion asserted that the warrantless search of appellant's car was without probable cause or lawful authority, and therefore, violated appellant's constitutional rights under the Fourth and Fourteenth Amendments.

# II. ANALYSIS

Appellant contends the trial court erred by denying his motion to suppress

2

because (1) there was no voluntary consent to open the car; (2) the smell of marijuana does not create probable cause; and (3) no reasonable fact-finder could have relied on Deputy Robinson's contradictory testimony.

## A. Appellant did not preserve error as to all his arguments

The State argues that appellant did not preserve his arguments that (1) no voluntary consent existed to open the car and (2) the smell of marijuana did not create probable cause.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex. R. App. P. 33.1(a). The appellate issue or point of error must be preserved in the trial court. *See Pena v. State,* 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). Even certain constitutional errors may be waived if not preserved in the trial court. *See Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Marin v. State*, 851 S.W.3d 275, 279 (Tex. Crim. App. 1993).

During the hearing on appellant's motion to suppress, appellant's counsel focused on the credibility of Deputy Robinson. Counsel did not clearly convey to the trial court at any time that appellant had not voluntarily consented to open the car; counsel also did not clearly contend that the smell of marijuana did not create probable cause. *See Pena*, 285 S.W.3d at 463–64. As such, appellant did not orally preserve error as to these two complaints.

Further, appellant did not preserve error on these arguments in his written motion to suppress. *See id.* Instead, he used conclusory language to broadly argue that any evidence "was seized without a lawful warrant, probable cause, or other lawful authority in violation of the Defendant's rights." But again, this written motion failed to specifically bring to the trial court's attention his objections

3

regarding the consent of the search and the smell of marijuana. Therefore, appellant has not preserved these arguments for appellate review. *See Hailey v. State,* 87 S.W.3d 118, 122 (Tex. Crim. App. 2002) (court of appeals may not reverse trial court's decision on legal theory not presented to trial court).

## B. Denial of the Motion to Suppress

Appellant preserved error regarding his argument that Deputy Robinson's testimony lacked sufficient credibility to support the trial court's ruling. Appellant argues that the trial court abused its discretion by crediting the testimony of Deputy Robinson when his testimony was contradictory.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented. *Wiede v. State,* 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, especially when the trial court's fact-findings are based on an evaluation of credibility and demeanor. *Guzman,* 955 S.W.2d at 89. We afford the same amount of deference to the trial court's application of the law to facts if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* We review de novo the trial court's application of the law to facts if resolution of those ultimate questions does not turn on an evaluation of credibility and demeanor. *Id.*

Appellant argues that Deputy Robinson was not truthful in his testimony and that his testimony was "far too convenient and contrived, not to mention inconsistent." Appellant also highlights that Deputy Robinson did not have his body camera on in violation of department policy, which appellant argues a reasonable police officer would not have done. Deputy Robinson testified that appellant's

responses were "very evasive" to the questions the deputy was asking and his behavior was abnormal. However, the offense report did not contain those characterizations. It also did not indicate who initially opened appellant's car door in the report. Deputy Robinson stated that he could not remember who opened that door subsequently or if it had ever been shut. Deputy Robinson testified that appellant had the key in his pocket when appellant first opened the door. However, the dash camera in one of the police cars shows that appellant did not have keys in his hands, and no keys were found after a subsequent search of his pockets. Appellant highlights the oddity that appellant would open the car door to retrieve his identification when there was none. Appellant implies that Deputy Robinson opened the door initially and perhaps with the intention of subsequently conducting an allegedly illegal search with his body camera intentionally turned off.

However, it was not unreasonable for a fact-finder to believe Deputy Robinson's testimony was truthful. Overall, a fact-finder could have found Deputy Robinson's testimony believable despite the arguments appellant raised. After evaluating the arguments of appellant, we conclude that the trial court's ruling was not arbitrary, unreasonable, or outside the zone of reasonable disagreement. *See State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018).

## III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s    Charles Spain
    Justice

Panel consists of Justices Wise, Spain, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b)

5