**Opinion issued November 7, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

——————————

NO. 01-12-00075-CR

——————————

**SHANE OWENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Brazos County, Texas**
**Trial Court Case No. 08-04651-CRM-CCL2**

---

## O P I N I O N

A jury convicted Shane Owens of driving while intoxicated. The trial court assessed punishment at thirty days' confinement and imposed a $1,500 fine. On appeal, Owens contends that the trial court erred in denying his motion to suppress his blood test results. He asserts that (1) under the Fourth Amendment, he had a

reasonable expectation of privacy in his blood test results; and (2) the hospital staff obtained his blood illegally. Finding no error, we affirm.

## Background

In August 2008, a police officer observed Shane Owens drive over a raised center median. The officer stopped Owens' car and noticed an odor of alcohol coming from inside the car. The officer arrested Owens for driving while intoxicated. While in the officer's patrol car, Owens complained of shortness of breath. The officer called an ambulance, and paramedics transported Owens to a local hospital. The officer remained with Owens throughout his visit to the hospital. Upon Owens' release, the officer took Owens to jail.

During the hospital visit, Owens was belligerent and uncooperative with hospital staff. Owens complained that he was experiencing an asthma attack, and the emergency room doctor found Owens' blood pressure and heart rate to be elevated. She ordered an x-ray and blood tests. Owens refused to consent to any blood tests. In light of Owens' complaint and symptoms, the emergency room doctor ordered the hospital staff to draw Owens' blood without his consent to rule out any life-threatening conditions. Owens stopped resisting the blood draw after the doctor told him that she would take his blood with or without his consent. Although the police officer was present, he did not suggest the blood draw or exert any influence over the hospital staff. The doctor testified at the hearing to suppress

2

Owens' medical records that she "felt that it was appropriate to establish that he was in fact intoxicated and able to attribute his tachycardia to his alcohol as opposed to some other life-threatening medical condition." She further testified that she took the blood because she was "obligated to do what's in his best interest, medically." After hearing the physician's testimony, the trial court found that the emergency room doctor ordered the blood draw for medical reasons alone and not for law enforcement purposes.

The State procured a records subpoena to obtain the results of Owens' blood tests. Owens moved to suppress the records. After a hearing, the trial court denied the motion. The State proffered, and the trial court admitted, the results of Owens' blood tests at trial. According to those results, Owens had a blood alcohol level of .193 at the time of the blood draw, above the legal limit of .080. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011).

## Discussion

Owens contends that the trial court erred in denying his motion to suppress his blood test results. He asserts that (1) the Fourth Amendment of the U.S. Constitution protects his reasonable expectation of privacy in his blood test results; and (2) the hospital staff obtained his blood illegally.

3

*Standard of Review*

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Weide v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). Accordingly, we defer to the trial court's determination of historical facts if the record supports them. *Ford*, 158 S.W.3d at 493. We review de novo the trial court's application of the law to those facts. *Id.* "[T]he prevailing party is entitled to 'the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence.'" *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011) (quoting *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)). A trial court's ruling will be sustained if it is "reasonably supported by the record and correct on any theory of law applicable to the case." *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (citing *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)).

*Preservation of error*

The State first responds that Owens waived this evidentiary issue by not objecting to it at trial or in the jury charge conference. However, when a trial court denies a pretrial motion to suppress evidence, a defendant need not subsequently object to admission of that evidence at trial to preserve error. *Garza v. State*, 126

4

S.W.3d 79, 84 (Tex. Crim. App. 2004). We hold that Owens has not waived this issue.

*Fourth Amendment*

In *State v. Hardy,* the Texas Court of Criminal Appeals held that the State's subpoena of the results of blood tests conducted by private medical personnel solely for medical purposes did not violate the Fourth Amendment. *State v. Hardy*, 963 S.W.2d 516, 527 (Tex. Crim. App. 1997). The facts in this case are similar to those in *Hardy*. Here, the trial court found that (1) the police officer did not suggest the blood draw or exert any influence over the hospital staff; and (2) the blood draw was taken solely for medical purposes. Because private actors conducted the blood draw and blood tests, the hospital staff's blood draw and test of it does not violate the Fourth Amendment. *See Hardy*, 963 S.W.2d at 526. Although the State's later subpoena of the blood tests is a state action, the request for records does not violate Owens' reasonable expectation of privacy. *Id.* at 527. We hold that the Fourth Amendment does not bar the admission of Owens' blood test results.

*Article 38.23(a)*

Owens next contends that the hospital staff obtained his blood illegally by committing an assault, and thus, the results of his blood tests are inadmissible under Article 38.23(a) of the Texas Code of Criminal Procedure. Article 38.23(a)

5

states that: "[n]o evidence obtained by an officer or other person in violation of [any state or federal law] shall be admitted in evidence against the accused." TEX. CODE CRIM. PROC. ANN. ART. 38.23(a) (West 2005). Article 38.23(a) applies to both state actors and private actors. *Miles v. State*, 241 S.W.3d 28, 36 (Tex. Crim. App. 2007); *State v. Johnson*, 939 S.W.2d 586, 587–88 (Tex. Crim. App. 1996).

Owens asserts that the hospital staff's blood draw without his consent amounts to an assault under § 22.01(a) of the Texas Penal Code. He cites *Hailey v. State,* in which the Waco Court of Appeals held that a hospital staff's blood draw from a DWI suspect without the suspect's consent amounted to an assault. *Hailey v. State*, 50 S.W.3d 636, 640 (Tex. App.—Waco 2001), *rev'd on other grounds*, 87 S.W.3d 118 (Tex. Crim. App. 2002). In *Hailey*, the appellate court held that no evidence indicated that the defendant ever requested or consented to evaluation or treatment of any physical or mental condition. *Hailey*, 50 S.W.3d at 639. But the appellate court noted that "[i]t is axiomatic that if there was consent to or a request for treatment, any complaint by [the defendant] that blood was taken illegally would be negated." *Id.* at 639 n.6. The appellate court also held that there was no evidence that the defendant was in a condition which might justify emergency action by hospital staff. *Id.* at 639.

The facts here are distinguishable from the facts in *Hailey*. Shortly after his arrest, Owens reported to the police officer he was having an asthma attack.

6

Owens appeared to have trouble breathing, so the police officer called an ambulance. While at the hospital, Owens continued to complain of an asthma attack. The doctor ordered the blood draw to rule out life threatening conditions, such as a heart attack. Unlike the defendant in *Hailey*, Owens presented to medical personnel in a condition that justified emergency action and medical treatment by hospital staff. Because Owens presented for medical treatment, and he complained of shortness of breath and an asthma attack, the trial court reasonably could have concluded that the hospital staff did not assault Owens by drawing his blood in connection with emergent medical diagnosis and treatment. *See Hailey*, 50 S.W.3d at 639 n.6; *see also State v. Kelly*, 204 S.W.3d 808, 820–21 (Tex. Crim. App. 2006) (holding that hospital staff did not assault defendant and thus defendant's blood test results were admissible); *Spebar v. State*, 121 S.W. 3d 61, 64 (Tex. App.—San Antonio 2003, no pet.); *Ramos v. State*, 124 S.W. 3d 326, 336 (Tex. App.—Fort Worth 2003, pet. ref'd). We hold that Article 38.23(a) of the Code of Criminal Procedure does not bar the admissibility of Owens' blood test results.

## Conclusion

We hold that neither the Fourth Amendment nor Article 38.23(a) bars the admissibility of Owens' blood test results.  We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish.  TEX. R. APP. P. 47.2(b).