

NUMBER 13-13-00479-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                  Appellant,

v.

LARRY GREEN,                                                        Appellee.

On appeal from the 319th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**

**Memorandum Opinion by Justice Longoria**

The State has filed this interlocutory appeal challenging the district court's order granting a motion to suppress evidence filed by Larry Green, the defendant in the underlying cause. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West, Westlaw

through 2013 3d C.S.) ("Appeal by state").[1]  For the reasons set forth below, we reverse the district court's order and remand the case for further proceedings consistent with this opinion.

## I. BACKGROUND

According to the district court's findings and conclusions, the "sole basis" for the defendant's motion was that the suppressed "evidence was seized as a result of a warrantless entry onto premises in which . . . [the defendant] had a reasonable expectation of privacy and without consent of . . . [the defendant]."  The district court granted the motion to suppress based on its findings that the suppressed evidence "was illegally obtained [by police officers] without a warrant and without exigent circumstances to support the absence of a warrant."

## II. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review.  *See Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013).  "We review the trial court's factual findings for an abuse of discretion, but [we] review the trial court's application of law to the facts *de novo*."  *Id.*  "In reviewing a trial court's ruling on a motion to suppress, appellate courts must afford great deference to the trial court's findings of historical facts as long as the record supports those findings."  *Tucker v. State*, 369 S.W.3d 179, 184 (Tex. Crim. App. 2012).  "We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case."  *Turrubiate*, 399 S.W.3d at 150.  "If a trial court's ruling is supported by the

---

[1] On the State's motion, we previously abated the case for the district court to enter findings of fact and conclusions of law.  *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) ("[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings.").  The district court entered the required findings, and we reinstated the appeal.

record, we will affirm that ruling if there is any valid theory of law that supports the ruling, even if that theory was not presented to the trial court." *Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012).[2]

## III. APPLICABLE LAW

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. "This inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study to dispose of his secret affairs." *Terry v. Ohio*, 392 U.S. 1, 8–9 (1968).

## IV. DISCUSSION

The record supports the district court's findings that the officers acted "without a warrant and without exigent circumstances to support the absence of a warrant." *See Fernandez v. California*, 134 S.Ct. 1126, 1132 (Feb. 25, 2014) ("[A] warrant is generally required for a search of a home."). Nevertheless, the State maintains that the officers acted lawfully because the owner of the property had given them valid consent. *See Johnson v. State*, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007) (noting that "consensual entry" is "one of a few well-delineated exceptions" to the warrant requirement).

"As with other factual determinations bearing upon search and seizure, determination of consent to enter must be judged against an objective standard: would the facts available to the officer at the moment warrant a man of reasonable caution in

---

[2] *See also Ex parte Ellis*, 309 S.W.3d 71, 79 n.40 (Tex. Crim. App. 2010) ("[A]n appellate court may consider, for the first time on appeal, an alternate theory of law applicable to the facts of the case which supports the trial court's decision."); *Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002) ("'[O]rdinary notions of procedural default' do not require a prevailing party to list or verbalize 'in the trial court every possible basis for upholding' its decision.") (quoting *State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex. Crim. App. 1998)).

3

the belief that the consenting party had authority over the premises?" *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990) (quotations omitted). "If not, then warrantless entry without further inquiry is unlawful unless authority actually exists." *Id.* at 188–89. "But if so, the search is valid." *Id.* at 189.

In this case, the district court found that the officers obtained oral and written consent from the owner of the property. The district court also made a specific finding that the officers acted on "a good faith belief" that the owner had authority over the property. Accepting these findings as true because they are supported by the record, we conclude that the district court erred in ruling that the officers acted "illegally." *See id.* The district court erred by granting the motion to suppress on the grounds that the officers did not have a warrant and there were no exigent circumstances. We sustain the State's issue.[3]

---

[3] As previously noted, "[i]t is well-settled that a Court of Appeals can affirm a trial court's decision on a legal theory not presented to the trial court without violating ordinary notions of procedural default." *Hailey v. State*, 87 S.W.3d 118, 121 (Tex. Crim. App. 2002) (quotations omitted). However, the "theory of law [must be] supported by the facts of the case." *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013). In this case, the defendant testified and offered the testimony of his parents to prove that he was renting the property, had exclusive control over it, objected and protested to the officers' search, and did not grant them consent. None of the defendant's evidence was accepted or even acknowledged by the district court in its findings, though we note that the district court did make one passing reference to the fact that, in his motion, the defendant had asserted lack of consent as a basis for relief. We find these omissions particularly significant because we abated the case for the district court to make all essential findings in support of its ruling, and in response, the district court entered twelve findings, none of which support the defendant's version of events. In fact, all but two of the findings support the State's version of events concerning the oral and written consent given by the owner of the property. Although this presents an odd and peculiar scenario, given that the district court's findings essentially undermine rather than support its ruling on the motion to suppress, the district court remains the exclusive trier of facts in a hearing on a motion to suppress. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en banc) ("[T]he trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony at a hearing on a motion to suppress."). "On appeal, the appellate court does not engage in its own factual review." *Id.* Accordingly, we defer to the district court's decision to disregard, in its entirety, the defendant's evidence and version of events.

Moreover, as a practical matter, we note that our decision is supported by an alternative ground that is also based on the facts of the case as the district court found them to be true. At the hearing on the motion to suppress, the defendant conceded that suppression of the evidence would be improper if the district court found that the officers acted in "good faith" based on the owner's consent. Specifically, the defendant's attorney told the district court, "Your honor, the only issue that would allow the officers to search

4

## V. CONCLUSION

We reverse the district court's order and remand the case for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of July, 2014.

---

in this particular case, is if the officer in good faith, relied on the father's consent to search." The record supports the district court's findings that the officers had oral and written consent from the owner of the property (i.e., the defendant's stepfather) and that the officers acted on "a good faith belief" that the owner had authority over the property. Based on the foregoing, we conclude that it was an error to grant the motion to suppress.