**Reversed and Remanded and Majority and Dissenting Opinions filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00096-CR

---

### JOSE VASQUEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1333231**

---

## D I S S E N T I N G   O P I N I O N

Under precedent from the Court of Criminal Appeals, when a defendant moves to suppress a statement made after receiving *Miranda* warnings because the statement was made as part of an alleged "question first, warn later" interrogation technique used by the police to circumvent the defendant's *Miranda* protections, the State has the burden of proving that the police did not deliberately employ such a technique. But, under preservation-of-error principles, the State does not have

this burden of proof unless the defendant timely presents to the trial court a complaint that the police deliberately employed a "question first, warn later" interrogation technique.  In the case under review, the first time appellant arguably raised this complaint was during closing argument at the suppression hearing after the State had presented its evidence and rested.  Because appellant did not timely raise this complaint, it does not provide a basis for reversing the trial court's judgment.

### The State's burden of proof regarding an alleged "question first, warn later" interrogation technique

As noted in the majority opinion, in *Martinez v. State*, the Court of Criminal Appeals held that the State has the burden of proving that the police did not deliberately employ an alleged "question first, warn later" interrogation technique to circumvent the defendant's *Miranda* protections.[1]  Four dissenting judges thought that the burden should be on the defendant to present a sufficient record showing that the police did not deliberately employ an alleged "question first, warn later" interrogation technique.[2]  One concurring judge stated that he had not decided whether the State had the burden found by the majority but that the court did not need to address this issue to resolve the case.[3]  Though this statement indicated that only four judges on the high court concluded that the State had the burden of proof, the concurring judge joined the court's opinion, in which the court held that the State has the burden of proving that the police did not deliberately employ an alleged "question first, warn later" interrogation technique.[4]  Therefore,

---

[1] *Martinez v. State*, 272 S.W.3d 615, 623–24 (Tex. Crim. App. 2008).

[2] *Id*. at 631 (Hervey, J., dissenting, joined by Keller, P.J., Meyers, and Keasler, JJ.).

[3] *Id*. at 627–29 (Price, J., concurring).

[4] *See id*. at 623–24 (Johnson, J., joined by Price, Womack, Holcomb, and Cochran); *id*. at 629 (Price, J., concurring).

2

the conclusion that the State has the burden of proof was contained in an opinion joined by five judges, and thus constitutes a binding precedent of the Court of Criminal Appeals.[5]

***The requirement that appellant timely present to the trial court a complaint that the police deliberately employed a "question first, warn later" interrogation technique***

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.[6] The appellate complaint must comport with a specific complaint that appellant timely lodged at trial.[7] A complaint in which the party states one legal theory may not be used to support a different legal theory on appeal.[8] Even constitutional errors may be waived by failure to timely complain in the trial court.[9]

It violates "ordinary notions of procedural default" for an appellate court to reverse a trial court's decision on a legal theory not timely presented to the trial court by the complaining party.[10] Texas Rule of Appellate Procedure 33.1 encompasses the concept of "party responsibility," meaning that appellant, as the complaining party, had the responsibility to clearly convey to the trial court the particular complaint that he now raises on appeal, including "the precise and proper application of the law as well as the underlying rationale."[11] To avoid forfeiting an appellate complaint, the complaining party must "'let the trial judge

---

[5] *See Reynolds v. State*, 4 S.W.3d 13, 15–16 (Tex. Crim. App. 1999).

[6] *See* Tex. R. App. P. 33.1(a).

[7] *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

[8] *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

[9] *See id.*

[10] *See Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002).

[11] *See Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009).

know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'"[12] This requirement allows the trial court or the opposing party the opportunity to remove the basis for the objection or to correct the alleged error.[13] A trial court's decision will not be reversed on a theory upon which the non-appealing party did not have an opportunity to develop a complete factual record.[14]

Under the *Martinez* precedent, when a defendant moves to suppress a statement made after receiving *Miranda* warnings because the statement was made as part of an alleged "question first, warn later" interrogation technique used by the police to circumvent the defendant's *Miranda* protections, the State has the burden of proving that the police did not deliberately employ such a technique.[15] But, under preservation-of-error principles, this burden does not arise unless the defendant first timely presents to the trial court a complaint that the police deliberately employed a "question first, warn later" interrogation technique.[16]

### Appellant's failure to timely present to the trial court a complaint that the police deliberately employed a "question first, warn later" interrogation technique

On remand, the State asserts for the first time that appellant failed to preserve error in the trial court. In neither of his written motions to suppress did

---

[12] *Id*. at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

[13] *Id*. at 464.

[14] *See Pena*, 285 S.W.3d at 463–64; *Hailey*, 87 S.W.3d at 122.

[15] *See Martinez*, 272 S.W.3d at 623–24.

[16] *See Pena*, 285 S.W.3d at 463–64; *Hailey*, 87 S.W.3d at 122. *See also United States v. Ollie*, 442 F.3d 1135, 1142–43 (8th Cir. 2006) (stating that "when a defendant moves to suppress a post-warning statement *that he contends was given as part of a question-first interrogation*, the prosecution must prove, by a preponderance of the evidence, that the officer's failure to provide warnings at the outset of questioning was not part of a deliberate attempt to circumvent *Miranda*").

appellant complain that the police deliberately employed a "question first, warn later" interrogation technique. After the close of the evidence at the suppression hearing and during closing argument at that hearing, appellant's primary argument was that the videotaped confession should be suppressed because all of the voices on the recording were not identified. At the end of his closing argument, appellant made the following additional argument:

> And my next approach . . . is I'm contending this is a two-step interview. . . . And once they got him to say what they wanted him to say, they took him in and videoed him and gave his Miranda warning and he told the story again. And I'm suggesting under the existing case law, that's illegal and the statement should be suppressed.

Presuming for the sake of argument that these statements clearly conveyed to the trial court the particular complaint that appellant now raises on appeal and that appellant's counsel's words, as quoted above, were sufficient to voice this complaint, the objection was not timely because it was asserted for the first time at the end of closing argument after the close of the evidence at the hearing.[17] Lodging the complaint at this time did not allow the trial court or the State the opportunity to remove the basis for the objection or to correct the alleged error.[18] This failure to timely raise the complaint denied the State an opportunity to develop a complete record and to prove that the police did not deliberately employ a "question first, warn later" interrogation technique.[19] Immediately after appellant made these statements during closing argument, the trial court ruled on appellant's motion to suppress, granting it in part and denying it in part.

In ruling on this motion, the trial court did not indicate any awareness that it

---

[17] *See Pena* at 464.

[18] *See id.*

[19] *See id.*

was ruling on a complaint based on the alleged use of a "question first, warn later" interrogation technique. The majority relies in part on the trial court's findings of fact regarding such a technique, made long after the trial of this case under an abatement order of this court, as instructed by the Court of Criminal Appeals.[20] Because these findings were made at the instance of the Court of Criminal Appeals, they do not indicate that the trial court intended, when it ruled on the motion to suppress, to rule on a complaint based on an alleged use of a "question first, warn later" interrogation technique.[21] Even presuming the trial court was aware of such a complaint, it is apparent from the record the State did not have a reasonable opportunity to present evidence in response to this complaint because the complaint came after the close of the evidence at the suppression hearing. The untimeliness of the complaint is fatal to error preservation.

The State did not raise its preservation-of-error argument in its original briefing in this court. Nor did this court address preservation of error in its opinion on original submission. Nonetheless, lack of error preservation may be raised on remand from the Court of Criminal Appeals, even though the high court did not address preservation of error in its opinion.[22] If the complaint was not preserved for appellate review, it is waived.[23]

---

[20] *See Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013).

[21] The majority also relies upon the failure of the trial court to make a finding that it was unaware of a *Seibert* challenge by appellant at the time of the suppression hearing. But, the trial court was not instructed in this court's abatement order to make any findings regarding preservation of error or regarding its awareness of a *Seibert* challenge at the time of the suppression hearing.

[22] *See, e.g., Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (holding that appellant failed to preserve error in the trial court as to an appellate complaint, even though the Court of Criminal Appeals previously had vacated the court of appeals's judgment and remanded to the intermediate court based on a procedural issue regarding the same appellate complaint, without addressing preservation of error).

[23] *See id*. at 463–64.

6

Because appellant did not timely raise the "question first, warn later" complaint, he failed to preserve error in the trial court, and this court may not reverse the trial court's judgment based on this complaint. [24] Accordingly, this court should overrule appellant's sole issue and affirm the trial court's judgment. Because the court does not do so, I respectfully dissent.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison. (Jamison, J., majority).
Publish — TEX. R. APP. P. 47.2(b).

---

[24] *See Pena*, 285 S.W.3d at 463–64; *Hailey*, 87 S.W.3d at 122.

7