

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00222-CR
No. 02-18-00223-CR

_____

TYRELL DESHON MCCULLOUGH, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1502148D, 1502149D

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In companion cases, Tyrell Deshon McCullough pleaded guilty to committing two aggravated robberies with a deadly weapon on or about June 12, 2017. In two issues, McCullough challenges the knowing and voluntary entry of his plea in the first aggravated robbery case[1] and his sentence in the second aggravated robbery case.[2] Because McCullough has failed to preserve his first issue, we overrule it. Because McCullough's second issue is premised on our sustaining his first issue, we also overrule it. Accordingly, we affirm the trial court's judgments.

## II. BACKGROUND

On June 12, 2017, after first attempting to stop a woman in a car for the purported purpose of asking to use her phone, McCullough subsequently pointed a gun at 7-Eleven employee Mathan Vijayaraman ("Raman") and demanded the keys to his car. Raman threw his keys at McCullough and then locked himself inside the 7-Eleven store as McCullough tried to take Raman's car, which would not start despite McCullough's attempt to push-start it. McCullough then approached Luke Poston,

---

[1]Case Number 02-18-00222-CR in this appeal, trial court case 1502148D.

[2]Case Number 02-18-00223-CR in this appeal, trial court case 1502149D.

and because he wanted Poston's car, McCullough threatened Poston with a gun. During a struggle, McCullough shot Poston.[3]

## A.  Aggravated Robbery Indictments

In two indictments, McCullough was charged with committing the offense of aggravated robbery. The indictment in the first aggravated robbery case contained two counts and alleged:

> That Tyrell Deshon McCullough, hereinafter called defendant, on or about the 12th day of June 2017, in the County of Tarrant, State of Texas, did intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, cause bodily injury to another, Luke Poston, by shooting him with a deadly weapon, namely a firearm[,] and the defendant used or exhibited a deadly weapon, namely a firearm,
>
> Count Two: and it is further presented . . . that the defendant in the County of Tarrant and State aforesaid on or about the 12th day of June 2017, did intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten or place Luke Poston in fear of imminent bodily injury or death, and the defendant used or exhibited a deadly weapon, namely a firearm[.]

The second indictment alleged that on or about June 12, 2017, in Tarrant County, McCullough intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property,

---

[3]McCullough admitted to shooting Poston at the punishment hearing. The contested issue is whether he intended to or not. At one point in the hearing, McCullough said that he did not intend to shoot Poston, but later in the hearing McCullough said that he did intend to shoot Poston.

threatened or placed Mathan Vijayaraman in fear of imminent bodily injury or death and used or exhibited a deadly weapon, namely a firearm.

## B.  Clerk's Record

The clerk's record shows that McCullough executed a written acknowledgement of the State's plea bargain offer to recommend a thirty-year sentence in both cases, which was filed on July 7, 2017.  However, on March 5, 2018, McCullough entered "open"[4] pleas of guilty to each aggravated robbery indictment without benefit of a sentencing bargain.[5]

McCullough waived the making of a reporter's record of his guilty pleas.  The trial court's written admonishments, which also contain McCullough's written and signed waiver of rights and judicial confession, are part of the clerk's record.  *See* Tex. Code Crim. Proc. Ann. art. 26.13(d) (setting out rules for providing written admonitions to a defendant entering a plea of guilty).

In its admonishments, the trial court warned McCullough that if he pleaded guilty without benefit of a plea agreement, as he did, the plea proceeding was his trial,

---

[4]*See Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.) (defining the term "open plea" and recognizing that the court of criminal appeals has held that a charge bargain is subject to article 44.02 of the code of criminal procedure and Rule 25.2(a)(2) of the rules of appellate procedure).  There is no evidence in the record showing that McCullough entered his pleas in these cases pursuant to a charge bargain.

[5]McCullough pleaded guilty to Count I of the indictment in Case Number 02-18-00222-CR.

and that if the trial court found him guilty, as it did, punishment could be set within the range of punishment of imprisonment for life or any term of not more than ninety-nine years or less than five years, and a fine not to exceed $10,000. By its admonishments, the trial court also warned McCullough that once it had accepted his guilty plea, he could not withdraw his plea without the trial court's permission and that any appeal of his conviction on a guilty plea entered without a plea agreement was limited to jurisdictional issues or to non-jurisdictional issues arising after the entry of his plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13.

In his written waivers, McCullough declared that he was aware of the consequences of his pleas and that he had knowingly, freely, and voluntarily entered them. He agreed to have all cases against him heard and determined at one time, waived his right to a jury, consented to the oral and written stipulations of evidence, agreed to testify and judicially confess his guilt if requested, and waived any and all rights of appeal. McCullough acknowledged these declarations by his signature. McCullough's defense attorney also signed the written waivers and declared that he had reviewed and explained to McCullough the court's admonishments as well as McCullough's rights, waivers, and judicial confession and was satisfied that McCullough was legally competent, had intelligently, knowingly, and voluntarily waived his rights, and would enter a guilty plea understanding the consequences of those acts.

In his signed "Judicial Confession[s]," McCullough acknowledged that he had read the State's indictments and professed that (1) he had committed each and every act alleged therein, (2) all facts alleged in the indictments were true and correct, (3) he was guilty of "the instant offense[s]" as stated in the indictments, (4) all enhancement and habitual allegations in the indictments were true and correct, and (5) all deadly weapon allegations were true and correct.

## C.    Reporter's Record

After accepting McCullough's guilty pleas, the trial court ordered and received pre-sentence investigation (PSI) reports and held a sentencing hearing on May 4, 2018. McCullough testified at the sentencing hearing and acknowledged that he had entered an open plea of guilty to the offenses and was accepting responsibility for his acts. He stated, "This whole situation[,] I feel very sorry for what I did, you know, I feel very remorseful and I regret--I regret everything that happened." During cross-examination by the State, McCullough acknowledged that he had approached three people on the alleged date. He acknowledged that he had first approached a woman in a car, who drove away, and then, using a gun, had approached and threatened Raman and unsuccessfully attempted to take his car.

McCullough conceded that he next threatened Poston with a gun and, after a struggle, shot him. However, McCullough also declared that he did not intend to shoot Poston. The State requested that the trial court permit McCullough to withdraw his plea and set the case for trial. After the trial court permitted

6

McCullough to confer with defense counsel, McCullough again testified regarding his encounters with the woman driver, Raman, and Poston and admitted that he had threatened Poston with a gun and during a struggle, shot him. McCullough again stated that he did not intend to shoot the gun. The State's prosecutor sought clarification from McCullough regarding his intent to shoot and informed him that she did not care what McCullough's answer was as long as it was the truth. When the State subsequently asked, "You did intend to shoot?" McCullough answered, "Yes, ma'am."

**D. Guilt, Punishment, and Motion for New Trial**

McCullough did not attempt to withdraw his plea of guilty in relation to the aggravated robbery of Poston. After hearing punishment arguments from the State and defense counsel, the trial court found McCullough guilty of the aggravated robbery offenses alleged in the indictments, sentenced him to confinement for twenty-five years in each case, and certified his right to appeal.

McCullough later filed a motion for new trial in both cases asserting that the verdicts were contrary to the law and the evidence, that his guilty pleas were involuntary, and that the sentences were disproportionate to the offenses and constituted cruel and unusual punishment. Nothing in the record on appeal shows that McCullough presented the motion to the trial court within ten days of filing or

7

brought it to the attention or notice of the trial court.[6]  *See* Tex. R. App. P. 21.6, 21.8(c), 33.1(a); *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998).  Because the trial court did not rule on the motion within the prescribed period, the motion was overruled by operation of law.  *See* Tex.  R.  App.  P.  21.6, 21.8(c).

### III.  DISCUSSION

**A.  Voluntariness of Guilty Plea**

In his first issue, McCullough contends that his plea of guilty to the aggravated robbery of Poston was not knowingly and voluntarily entered because the record shows that he did not intend to shoot and did not understand his plea, the nature of the charge against him, or how the law applied to his conduct.  McCullough also argues that the trial court should have clarified his understanding of the nature of the charges and his plea before continuing to find him guilty of shooting Poston, because in the absence of such clarification, the record fails to affirmatively disclose that his guilty plea was adequately informed or that his waivers of rights were intelligent and knowing.

**1.  Issue Not Preserved Under Rule 33.1**

The State asserts that McCullough has failed to preserve this issue for our review after he first raised it in his motion for new trial and then failed to present the

---

[6]Rule 33.1(b) specifies that in civil cases, the overruling of a motion for new trial by operation of law generally preserves for appellate review a complaint properly made in the motion, but the rule provides no corresponding corollary in criminal cases.  Tex. R. App. P. 33.1(b).

motion to the trial court. *See* Tex. R. App. P. 21.2, 21.6; *Carranza*, 960 S.W.2d at 78–79 (holding that movant for new trial must present motion to trial court within ten days after filing motion; to show presentment, record must show movant actually delivered motion or otherwise brought motion to attention or actual notice of trial court; and presentment may be evidenced by obtaining the trial court's ruling on the motion, trial court's signature on proposed order, or a hearing date set on trial court's docket; mere filing of a motion is insufficient). We agree.

Generally, a party raising a complaint on appeal must have made a timely and specific objection in the trial court, and the court must have ruled on the objection. Tex. R. App. P. 33.1(a); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Except for complaints involving systemic or absolute requirements or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a). Tex. R. App. P. 33.1(a); *Mendez*, 138 S.W.3d at 342. Therefore, we must first determine whether McCullough has forfeited his right to complain on appeal about the voluntariness of his guilty plea because he failed to ask the trial court to withdraw his plea.

The court of criminal appeals' decision in *Mendez* informs our analysis. Before a jury, Mendez entered a guilty plea to murder, and the parties presented punishment evidence. *Mendez*, 138 S.W.3d at 336. Mendez testified that he shot the sixteen-year-old victim in the head but did not intend to kill her. *Id.* The jury found Mendez guilty of murder and assessed punishment at ninety-nine years' confinement. *Id.* at 337. On

9

appeal, Mendez argued that the trial court should have sua sponte withdrawn his guilty plea because his testimony raised a question as to his guilt. *Id.* The court of appeals sustained the issue and reversed the trial court's judgment. *Id.*

In reviewing the court of appeals' determination, the court of criminal appeals noted that a defendant's right to a plea of not guilty is a "waivable right" and "must be implemented by the system unless expressly waived." *Id.* at 343–44. After a court has fulfilled its duties of implementing waivable-only rights, and a defendant has validly waived a right, a defendant must take affirmative action "to don the armor again." *Id.* at 350. Mendez had waived his right to a plea of not guilty but had not suggested that there was any error in the proceedings leading up to and including his plea of guilty. *Id.* Acknowledging the inconsistency between Mendez's plea of guilty and his testimony about lack of intent, the court noted that Mendez had not asked to withdraw his plea of guilty and that it was reasonable to require that a defendant timely seek to withdraw his plea of guilty. *Id.* The court concluded that Mendez had not preserved his issue on appeal in accordance with Rule 33.1 and had waived any error because he had failed to seek withdrawal of his guilty plea in the trial court. *Id.*

Similarly, McCullough, who executed a written waiver of appeal, now argues for the first time on appeal that his guilty plea to the aggravated robbery of Poston was not knowingly and voluntarily entered. There is no suggestion that there was any error leading up to and including McCullough's plea of guilty. McCullough was duly admonished before he pleaded guilty, and despite presenting conflicting punishment

10

testimony regarding his intent to shoot the gun, McCullough neither sought to withdraw his plea of guilty nor asserted to the trial court that his plea was not knowingly or voluntarily entered. Although McCullough raised his claim that his guilty plea was involuntary in his motion for new trial, that motion was not presented to the trial court for a ruling. We conclude that McCullough has not preserved this issue for our consideration. *See* Tex. R. App. P. 33.1(a); *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002) ("[A] trial court's decision will not be reversed on a theory the trial court did not have an opportunity to rule upon and upon which the non-appealing party did not have an opportunity to develop a complete factual record."); *Mendez*, 138 S.W.3d at 350.

### 2. Procedural Default Under Rule 33.1 Not Saved Under *Boykin*

McCullough additionally argues that he did not understand the nature of the charge against him or how the law applied to his conduct and asserts that the record does not affirmatively disclose that his guilty plea was adequately informed or that his wavier of rights was intelligent and knowing. Due process of law requires that a defendant's "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Mendez*, 138 S.W.3d at 344 (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970)).

In *Boykin v. Alabama*, the United States Supreme Court held that the rights of privilege from self-incrimination, to trial by jury, and to confront one's accusers are

each involved in a defendant's plea of guilty and that the waiver of those rights cannot be presumed from a silent record. 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969). The court of criminal appeals has determined that a "pure *Boykin* claim," which exists when a record is "absolutely unrevealing" regarding the intelligent entry of a guilty plea, is not subject to ordinary principles of procedural default. *See Davison v. State*, 405 S.W.3d 682, 690 (Tex. Crim. App. 2013) (citing *Marin v. State*, 95 U.S. at 244, 89 S. Ct. at 1712–13 and *Mendez*, 138 S.W.3d at 340).

Unlike the record in *Boykin*, the record here is not devoid of any indication that McCullough possessed a full understanding of what his guilty plea connoted and of its consequences. *See Davison*, 405 S.W.3d at 690. McCullough does not present a "pure *Boykin* claim" because the record in this case is not "absolutely unrevealing" regarding the intelligent entry of his guilty pleas. *Id.* Rather, the record contains defense counsel's declarations:

> I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the following judicial confession to the Defendant. I am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof. If applicable, I certify that I have advised the Defendant about the registration requirements of Chapter 62, TEX. CODE OF CRIMINAL PROCEDURE.

The record also contains McCullough's written and signed statements that he was aware of, understood, and had no questions regarding the trial court's admonishments; that he was aware of the consequences of his plea; that he gave up

12

and waived all rights given to him by law; and that he had knowingly, freely, and voluntarily entered his pleas. Because the record discloses that McCullough entered his guilty pleas "voluntarily and understandingly[,]" McCullough's voluntariness claim is not saved from ordinary principles of procedural default under Rule 33.1(a). Tex. R. App. P. 33.1(a); *see Boykin*, 395 U.S. at 244, 89 S. Ct. at 1713. Thus, McCullough has failed to preserve his first issue for our review.

## B. Knowing and Voluntary Pleas of Guilty

But even assuming that McCullough's plea issue was not barred by procedural default, the record demonstrates that his plea of guilty to committing the offense of aggravated robbery against Poston was voluntarily entered. McCullough claims his PSI statement and his sentencing testimony show that he did not have the requisite intent to shoot the gun and demonstrate that he did not understand the nature of the charges and how the law regarding the charged offense applied to his conduct. McCullough also admits that after denying an intent to shoot the gun, he ultimately testified that he possessed an intent to shoot. He argues that his conflicting "intent" testimony during the sentencing hearing indicated his confusion and frustration under examination by the State such that the trial court should have clarified McCullough's understanding before permitting his plea to continue. He additionally contends that, in the absence of such clarification, the record does not show that his decision to plead guilty was "adequately informed" or that his waiver of rights was intelligently or knowingly made. On these bases, he proclaims a denial of due process.

13

The voluntariness of McCullough's plea can be determined only by considering all of the relevant circumstances surrounding it. *Brady*, 397 U.S. at 749, 90 S. Ct. at 1469. Having examined the relevant circumstances surrounding McCullough's plea, we are unpersuaded by his due process contentions. We have already determined that the record shows McCullough entered his pleas "voluntarily and understandingly" for purposes of procedural default. The record is not silent regarding McCullough's voluntary, intelligent, and knowing waiver of his constitutional rights. *See Boykin*, 395 U.S. at 243, 89 S. Ct. at 1712 (recognizing that waiver of federal constitutional rights involved when entering a plea of guilty cannot be presumed on silent record). Rather, the record reveals that McCullough waived his rights with sufficient awareness of the relevant circumstances and likely consequences of his plea. *See Brady*, 397 U.S. at 748, 90 S. Ct. at 1469 (holding waivers of constitutional rights must be voluntary, knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences).

We are also unpersuaded by McCullough's reliance on our opinion in *Burke*, which he cites as authority in support of his assertion that the trial court in this case should have clarified his understanding of the nature of the charges and his plea before allowing the sentencing hearing to continue. *See Burke v. State*, 80 S.W.3d 82, 95-96 (Tex. App.—Fort Worth 2002, no pet.). The facts in this case do not align with those in *Burke*.

14

Burke's plea was predicated on his trial counsel's erroneous advice arising from a misunderstanding of the law relating to an element of the charged offense. *Id.* Burke's trial counsel filed affidavits with a motion for new trial and in his affidavit explained the basis of his erroneous advice to Burke. *Id.* at 87–88. In his affidavit, Burke stated that he would not have pleaded guilty if he had been properly informed of the essential mental culpability element of the offense. *Id.* at 88. Burke also testified at the hearing on his motion for new trial. *Id.* at 88–90. The trial court overruled Burke's voluntariness challenge at the conclusion of the new trial hearing. *Id.* at 94. On appeal, we noted that the record showed that Burke and his trial attorney had misunderstood the elements of proof necessary to support a conviction for the charged offense. *Id.* In that case, we were unable to conclude on appeal that Burke's plea was voluntarily and knowingly entered. *Id.* at 95.

Burke had also asserted that the trial court abused its discretion in denying his motion for new trial because the evidence had fairly raised an issue regarding his innocence as to one count of the indictment, and, consequently, the trial court should have sua sponte withdrawn his plea of guilty. *Id.* at 95–96. We observed:

> The rule is well established in this state that in any case where evidence is introduced that reasonably and fairly raises an issue as to the innocence of the accused and such evidence is not withdrawn, the defendant's guilty plea must be withdrawn and a plea of not guilty must be sua sponte entered by the trial court. The rule applies even though the defendant makes no effort during the trial to withdraw his plea of guilty, makes no objection to the court's charge instructing the jury to render a verdict of guilty, and even though the defendant's testimony shows him to be guilty of the offense.

15

In order to trigger the trial court's duty to sua sponte withdraw a guilty plea, the evidence must do more than merely tend to raise a defensive issue. Rather, it must "reasonably and fairly raise the issue." The purpose of the rule is to ensure that guilty pleas are knowingly and voluntarily entered. Appropriately, the trial court has the sound discretion to make that determination. Accordingly, whether the issue of Appellant's innocence was reasonably and fairly raised at his trial requires us to consider whether the trial court abused its discretion. "[E]ach case must be evaluated in light of its unique circumstances and the offense charged."

*Id.* at 96 (citations omitted). We determined that Burke's trial testimony had reasonably and fairly raised an issue regarding his innocence of the charged offense as alleged in the indictment and that the trial court had abused its discretion in failing to sua sponte withdraw Burke's guilty plea and enter a plea of not guilty on his behalf. *Id.* at 97.

None of the salient circumstances in *Burke* are present in this record. McCullough filed a motion for new trial unaccompanied by any affidavits, and there is nothing in the record to show that the motion was presented to the trial court or that the trial court ever heard the motion. Although McCullough repeatedly explained at the sentencing hearing that he did not intend to shoot Poston, he ultimately admitted—after the State's prosecutor noted that she did not care what his answer was as long as it was the truth—that he "did intend to shoot." After evaluating the circumstances and the charged offense in this case, it is evident that McCullough's innocence was not reasonably and fairly raised at his plea proceedings. *See id.* at 96. Therefore, the trial court did not abuse its discretion in failing to sua sponte withdraw

16

his plea of guilty and enter a plea of not guilty in this case. We overrule McCullough's first issue.

## C. Sentence

In his second issue, McCullough challenges the assessment of his sentence in the aggravated robbery against Raman. By his own acknowledgement, McCullough's second issue is premised on our sustaining his first issue. Because we have overruled McCullough's first issue, we likewise overrule his second issue. *See* Tex. R. App. P. 47.1.

## IV. CONCLUSION

Having overruled McCullough's two issues, we affirm the trial court's judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 8, 2019