

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOs. PD-0093-25 & PD-0094-25

### THE STATE OF TEXAS

v.

### CHRISTOPHER TYE COLEMAN, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS MADISON COUNTY

NEWELL, J., filed a dissenting opinion in which RICHARDSON and WALKER, JJ., joined.

We granted review to answer this question: "Does a Special Ranger commit impersonation and have the requisite intent to violate Tex. Pen. Code § 37.11 when arriving in his designated uniform while assuming he had authority to conduct an investigatory interview?" The court of appeals held that the trial court could have

implicitly concluded the "cattle ranger" in this case impersonated a peace officer. And the Court appears, through most of its opinion, to answer that question directly by saying that the record in the case does not establish that the "cattle ranger" had the requisite intent to violate the impersonation statute.

But, as near as I can tell, the Court does not disturb the court of appeals holding that impersonating a peace officer is the type of statutory violation that allows a defendant to invoke the Article 38.23 exclusionary rule.[1] The Court also does not disturb the court of appeals holding that Appellee had standing to challenge the admission of his statement.[2] And the Court does not disturb the court of appeals holding that the "cattle ranger" lacked authority to investigate.[3] The opinion appears to be limited to evaluating the evidentiary support for the alleged impersonation of a peace officer, or at least it was until I pointed that out. I

---

[1] *State v. Coleman*, No. 12-24-00104-CR, 2024 WL 4643429 at *5 (Tex. App.—Tyler Oct. 31, 2024, pet. granted) ("In addition, reviewing the trial court's implied legal determination regarding standing de novo, we hold that because the trial court could reasonably conclude that Jeter violated Section 37.11(a), which is intended to protect the public from the risk of submitting to the pretended authority of an individual impersonating an agent of a governmental unit (and implicitly, the improper acquisition of evidence for the prosecution by such a person), the trial court correctly impliedly found that Appellee has standing to challenge Jeter's authority to investigate.").

[2] *Id.*

[3] *Id.* at *8. We specifically declined to grant a ground of review that would allow us to answer that question.

fear that by taking this approach the Court's opinion is largely advisory as it would not impact the court of appeals holding below.

The court of appeals appears to have held that the trial court was authorized to grant the motion to suppress the evidence because the "cattle ranger" lacked authority to investigate.[4] So, I am not sure what our holding in this case accomplishes. We can send the case back, but the court of appeals can ignore our decision and reiterate its original holding that the trial court correctly suppressed the evidence because the officer violated a statute when he investigated a case outside the scope of his authority in violation of the statute limiting the scope of his authority.[5] Of course, the court of appeals could take the initiative on remand and make its apparent position clearer that this law violation also provided Appellee standing to invoke the Article 38.23 exclusionary rule independent of the impersonating a peace officer statute. But why? As mentioned above, aren't we assuming that Appellant had standing and leaving the court of appeals holding regarding standing undisturbed?[6] As far as the court of appeals opinion is

---

[4] *Id.*

[5] *See* Tex. Penal Code Ann. § 37.11; Tex. Code Crim. Proc. Ann. art. 2.125.

[6] Maj. Op. at 19. ("We will assume *arguendo* that this postulated crime sufficiently implicates the purposes of Article 38.23 to confer standing").

concerned, the defendant has standing to challenge the taking of his personal statement on his own property.[7] The court of appeals could simply delete the sentence that the trial court could have impliedly found that Cattle Ranger Jeter impersonated a peace officer and still affirm the trial court's grant of Appellee's motion to suppress.[8]

But to the extent that the Court is reversing the court of appeals holding regarding standing *sub silentio*,[9] the Court skips a step. The court of appeals appears to have regarded the impersonating an officer violation as the "law applicable to the case" allowing it to uphold the trial court's ruling if its correct

---

[7] *Coleman*, 2024 WL 4643429 at *5.

[8] *Id.*

[9] The Court's response to my opinion suggests a realization that its opinion *is* advisory. As noted above, the Court based its analysis upon the assumption that Appellee has standing. But now, in response to me pointing this out, the Court states in a footnote that it is deciding that Appellee lacked standing. Maj. Op. at 26, n. 61. ("The court of appeals found standing solely by virtue of the penal offense of impersonation of a public servant, . . . and we have overturned that holding."). Further, the Court throws in a conclusory statement regarding whether the officer, acting outside his authority, triggered the exclusionary rule, a claim that falls outside the ground for relief. Maj. Op. at 26, n. 61. ("We have also recognized that the trial court's articulated basis for relief—lack of authority—fails to confer standing"). This is a very broad holding for the Court to reach that is not supported in any way by the Court's analysis in the opinion. That is not surprising given that the legal issue falls outside the ground for review. If the Court is holding that a peace officer acting outside the scope of his authority doesn't trigger Article 38.23, then cattle rangers can now conduct traffic stops in Texas. That can't be the case. Moreover, it's a reversal of the court of appeals on a ground we specifically declined to address. Therefore, I do not believe that the Court's eleventh-hour attempt at a floor amendment to its opinion prevents the court of appeals from either reaffirming its original opinion or remanding the case to the trial court for essential findings despite the Court's footnoted response.

under any theory of law applicable to the case. By not tackling this assumption head-on, the Court fails (along with the court of appeals) to adequately account for how the record should be viewed when evaluating whether the facts support a holding that the impersonating an officer statute has been violated.

Most importantly, the Court can't base its holding on a lack of factual development when the trial court affirmatively stopped the parties from litigating anything other than the issue of the cattle ranger's authority. During the hearing, the trial court made clear that it regarded the question of whether the ranger had authority or not as "the only issue." This puts the case more in line with *State v. Esparza*. In that case, we held that the court of appeals could not uphold a trial court's grant of a motion to suppress based upon a theory that was never litigated in the trial court.[10] While I acknowledge that at the very least the Appellees in this case included the alleged violation of impersonating a peace officer as a basis for the motion to suppress, the trial court appears to have focused the parties on the single issue of the ranger's authority. By cabining the hearing on the motion, it prevented Appellee from developing a complete factual record.[11] So rather than hold that the evidence was insufficient to show a statutory violation, a holding that the

---

[10] *State v. Esparza*, 413 S.W.3d 81, 90 (Tex. Crim. App. 2013).

[11] *State v. Hailey*, 87 S.W.3d 118, 112 (Tex. Crim. App. 2013).

impersonation of a peace officer violation was not the law applicable to the case would be more in line with our precedent. We would at least be reviewing what the trial court did, not what it didn't. It is certainly more palatable to me than viewing the evidence in the light most favorable to overturning the trial court's ruling.[12]

But if we are going to treat the alleged impersonating a peace officer violation as the law applicable to the case even though the trial court did not base its ruling on that, we do not get to make assumptions about the trial court's factual findings and credibility determinations. As we held in *State v. Cullen*, when the losing party in the trial court fails to request findings of fact from the trial court and the trial court doesn't enter findings, this Court applies the standard of review from *State v. Ross*.[13] Under that standard, the reviewing court makes all necessary factual inferences (such as on whether the trial court could have inferred the requisite intent from the surrounding circumstances) in support of the trial court's holding.[14] Which is what the court of appeals appeared to do in this case.

---

[12] *See e.g., State v. Kelly*, 204 S.W.3d 808, 818 n. 19 (Tex. Crim. App. 2006) ("Because the trial court granted appellee's motion to suppress, the Court of Appeals was required to view the evidence in the light most favorable to the appellee, not the State.").

[13] *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) ("If the non-prevailing party fails to make the request, and the trial court does not enter findings of fact and conclusions of law of its own accord, the non-prevailing party can still appeal any adverse ruling. In that event, our opinion in *Ross* will continue to control.").

[14] *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) ("Furthermore, when the trial court fails to find findings of fact, we view the evidence in the light most favorable to the trial court's

However, in *State v. Elias* we clarified that when the trial court undertakes *sua sponte* to enter findings and it fails to make all necessary findings, reviewing courts must afford the trial court the ability correct any deficiencies in its fact finding by remanding the case for "essential findings."[15] This is so that appellate courts are not required to guess at what the trial court was thinking or make findings the trial did not make explicit. While it may be more efficient to simply ignore *Cullen* and *Elias*, this Court is constrained to follow our precedent. And under that precedent we must remand for essential factual findings.[16] Specifically, remand is necessary because the trial court made no findings regarding the credibility of the cattle ranger's testimony, and many of its findings simply recite testimony without making any factual findings at all.[17]

---

ruling and assume that the trial court made implicit findings of fact that supports its ruling as long as those findings are supported by the record.").

[15] *State v. Elias*, 339 S.W.3d 667, 677 (Tex. Crim. App. 2011) (holding that the court of appeals erred to affirm a trial court's ruling without first remanding the cause for entry of supplemental findings of fact and conclusions of law).

[16] *Id.*

[17] Indeed, the Court holds that the trial court's findings are not supported by the record when there weren't any relevant findings to evaluate the record against. *See* Maj. Op. at 26, n. 61 ("[T]he court of appeals's impersonation basis is not supported by the record under the trial court's findings"). The trial court didn't make any findings regarding the "impersonation basis" so the court of appeals erred in making implied findings on the "impersonation basis" when it should have remanded the case for essential findings on that issue. That is what the Court needs to correct first before it can evaluate the state of the record. *Elias*, 339 S.W.3d at 677.

It is also worth noting that the Appellee alleged a total of five statutory violations exclusive of his argument that the cattle ranger acted outside of his authority. If the impersonating a peace officer violation was the law applicable to the case, then so are the other four statutory violations, each of which suffers from the same factual development issue.[18] Even if we ignore *Cullen* and *Elias* and hold that the record was not sufficiently developed to support an implicit finding of intent on the part of the cattle ranger, on remand to the court of appeals it will have to remand for essential findings anyway. And if all we are holding is that the record is not developed enough to establish a violation, I see no reason why the court of appeals can't remand the case to the trial court for essential findings on the impersonation statute as it should have done in the first place.

Overlooked in all of this is that two findings made by the trial court make it impossible to uphold the trial court's grant of the motion to suppress absent some form of procedural default. According to the trial court, Appellee elected to allow the cattle ranger on his property and Appellee's statement to the cattle ranger was voluntary. Given these two findings, I do not see how Appellee's statement was obtained in violation of the law. Even assuming all the statutory violations are adequately supported, there is no causal connection between those violations and

---

[18] Tex. Penal Code Ann. §§ 31.03(a), 37.11, 39.02, 39.03.

obtaining an otherwise voluntary statement during a consensual encounter (even on Appellee's property).

Unfortunately, the State does not appear to have argued that because it was focused on the question of the cattle ranger's authority and whether the types of violations alleged triggered Article 38.23. By focusing on this Court's self-crafted "purpose" test[19] for the applicability of the exclusionary rule, the State missed the argument that Appellee's voluntary statement was not causally connected to any of the violations.[20] This points to a real need for this Court to re-examine its interpretation of the Texas exclusionary rule, one that more closely follows the text of the statute. Indeed, if this "purpose" test prohibits a defendant from being able to even challenge the admission of his own statement taken on his own property, then the test is unreasonably narrow. And near as I can see, there's no mention in

---

[19] *Wilson v. State*, 311 S.W.3d 452, 459 (Tex. Crim. App. 2010) (holding that Article 38.23(a) may not be invoked for statutory violations unrelated to the purpose of the exclusionary rule or to the prevention of the illegal procurement of evidence of a crime); *cf.* Tex. Code Crim. Proc. Ann. art. 38.23(a) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal charge.").

[20] *See Gonzales v. State*, 67 S.W.3d 910, 912 (Tex. Crim. App. 2002) (holding that juvenile's statement was admissible because taking the statement in violation of statute requiring parental notification before taking the statement was not causally related to the statutory violation); *see also Wehrenberg v. State*, 416 S.W.3d 458, 465 (Tex. Crim. App. 2013) (holding that evidence should not be suppressed if the evidence was not obtained as a result of illegal police conduct).

Article 38.23 that the provision is only triggered by violation of certain "laws" that fit the "purpose" of the exclusionary rule; the statute is triggered by "any" statutory violation.[21]

But this is not the case to open that can of worms. And in any event, the State can make a lack-of-causation argument once this interlocutory appeal is over. By arguing to the trial court that the trial court already found the statement voluntary, the State can urge the trial court to focus its inquiry where it should have been in the first place, namely on whether the voluntary statement was "obtained" by virtue of any violation of a statute. As for this Court's opinion, I believe it is essentially advisory and its efforts to hide that advisory nature are unavailing, so I do not join it. I would dismiss the State's petition for discretionary review as improvidently granted and let the State clean up the case when the case returns to the trial court. Because the Court does not, I respectfully dissent.

Filed: January 29, 2026

Publish

---

[21] *See again* Tex. Code Crim. Proc. Ann. art. 38.23(a) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal charge.").